SHERMAN MOREHOUSE *vs.* JOHN REMSON.

New Haven and Fairfield Cos., April T., 1890.   ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

Where the evidence presents such contingencies as may legitimately and within the pleadings lead to different conclusions of fact, the court may with propriety be required to charge the jury in the alternative or in reference to such contingencies.

But where one and only one definite agreement was claimed on the part of the plaintiff and his whole case rested upon it, and one and only one agreement on the part of the defendant and his whole defense rested

Morehouse *v.* Remson.

upon it, and these claimed agreements were in direct conflict, so that the party who established his claim in the convictions of the jury would necessarily prevail, and there was no ground for an implied agreement or any modification of either claimed agreement, it was held that the judge was not bound to charge with reference to any contingencies outside of the simple question of fact between these two conflicting claims.

In his argument before the court and jury the plaintiff's counsel read the findings of fact and the opinions of judges in sundry reported cases. The judge in his charge said to the jury—" Anything which you have heard read from law books is of no concern to you. It must not enter into your consideration nor influence you in the slightest degree; that is a matter solely between the parties and the court." Held that these remarks were not only not open to exception but were to be commended.

Remarks of the judge in his charge to the jury which are only observations on the evidence are within the fair discretion of the trial judge and are not reviewable.

Counsel for the plaintiff claimed that the defendant, who had testified in the case, must have been mistaken because he was contradicted by *B,* a witness, as well as by two others. The judge in commenting on this claim remarked that it was no worse for the defendant to be contradicted by *B* than for *B* to be contradicted by the defendant. The judge added—" You will give that claim such consideration as you think it ought to have. You have seen the witnesses upon the stand; you have heard their testimony; you will decide between them." Held that while there might have been some ground for complaint if the judge had added nothing to his first remark, yet that the committal of the whole matter to the jury in his subsequent remarks was so clear and emphatic that no harm could have been done to the plaintiff.

[Argued April 23d—decided September 12th, 1890.]

ACTION to recover for services in procuring a purchaser for a farm of the defendant; brought to the Court of Common Pleas of Fairfield County, and tried to the jury before *Perry, J.* Verdict for the defendant, and appeal by the plaintiff for error in the rulings and charge of the court. The case is sufficiently stated in the opinion.

*J. S. Seymour,* for the appellant.

*J. B. Hurlbutt,* for the appellee.

LOOMIS, J.    The plaintiff seeks in this action to recover from the defendant a commission for selling the farm of the

latter to one Thomas B. Gunning. The defendant by his answer denied all the allegations of the complaint.

Upon the trial to the jury, " the plaintiff claimed and offered evidence to prove that he was employed by the defendant to procure a purchaser of his farm for ten thousand dollars, for which the plaintiff was to be paid two hundred and fifty dollars ; and that pursuant to the agreement, which was by parol, he procured Thomas B. Gunning to be the purchaser for ten thousand dollars ; and that the commission had not been paid. That after getting the selling price of the farm from the defendant the plaintiff took Mr. Gunning over the farm, recommended it to him, and finally brought about a conference between the defendant and Mr. Gunning at the plaintiff's house, at which the defendant and Mr. Gunning, who were not previously acquainted, without the further intervention of the plaintiff, agreed in writing upon the purchase for ten thousand dollars ; which agreement was afterwards consummated. That just before and also just after the agreement was made, the defendant went into the adjoining room, where the plaintiff lay sick, and said to him that as soon as the business was finished and he got the money, he would make it entirely satisfactory to the plaintiff for his services and would pay him."

The defendant on the contrary claimed, and offered evidence to prove, " that the agreement between the parties was that the plaintiff wanted him to sell his farm to Mr. Gunning in order that the plaintiff might carry through the sale of two adjoining farms, and so secure certain commissions upon this last named sale ; that he agreed to sell his farm for ten thousand dollars net, but informed the plaintiff that if he wanted a commission on the sale of his farm also, he must ask and get more than ten thousand dollars ; and that if the plaintiff should ask more than that sum, he, the defendant, would stand out for the greater price ; that when the plaintiff brought the defendant and the purchaser together, the defendant asked the plaintiff privately what price he had stated to the purchaser, and that, upon being informed that he had stated the price to the purchaser to be

ten thousand dollars only, he thereupon made a contract with the purchaser for the sale of his farm at that price, and promised no commissions."

To meet the evidence and claim of the plaintiff that he had brought the defendant and the purchaser together, and had been instrumental in effecting the sale, and in so doing had been acting in the defendant's behalf, the defendant offered evidence tending to prove that at the time the plaintiff claimed he was acting in the defendant's behalf respecting the sale, he was not, in fact, acting in behalf of the defendant, but was acting in behalf of the vendee only. The plaintiff objected to this testimony, upon the twofold ground that if he was acting openly for both parties it would be no defense, and if acting secretly for both it would be fraud, which was not alleged in the answer.

The court conceding that the reasons given by the defendant were correct in law upon the facts assumed, admitted the evidence for the sole purpose of showing that the plaintiff was not at that time acting for the defendant. This ruling by the court avoided both grounds of objection, and when the court stated distinctly the object for which the evidence would be received the plaintiff made no further specific objection. Moreover, during the argument the plaintiff's counsel stated that whatever the law might be, still, " if the jury should find by any proper evidence that Mr. Morehouse was acting for Mr. Gunning, the plaintiff did not ask for a verdict at their hands." This was a clear waiver of all objections to the evidence, and a full consent that the jury might consider it, and determine the fact.

But were it otherwise, the court was clearly right in its ruling. The evidence was rigidly confined to the precise issue raised by the pleadings,—whether the plaintiff was acting for the defendant or not in the matter in question. The plaintiff had the burden of proving the affirmative, but the law permitted the defendant by appropriate evidence both to meet and overcome the plaintiff's evidence in the affirmative and to establish the negative as true. To accomplish this the defendant was not to be restricted to a mere

verbal denial, but he might make that denial effectual and con-
clusive by showing such a state of facts as would show either
that the affirmative could not be true or that the negative
must be true.   If the plaintiff was acting for the purchaser
*only*, as the defendant was permitted to prove, he could not
have been acting for the defendant alone, as the plaintiff
was bound to prove, nor for the defendant and purchaser
both, either openly or secretly.   The defendant did not
offer this evidence to show fraud and did not claim fraud on
the trial, any more than he did by his pleadings.   There
was no intimation of a claim that the plaintiff was secretly
acting for the purchaser while pretending to act for the de-
fendant alone.   On the contrary the defendant insisted that
the agreement was fairly and openly made, that the plaint-
iff should act not for him but for the purchaser, and should
have no commission unless he should sell for more than ten
thousand dollars.   It is easy to see that great injustice
would have been done the defendant had he been tied up
by his admission of the facts shown in evidence, that the
plaintiff had been active in respect to the sale, that he had
taken the purchaser over the farm and had advised its pur-
chase, and that he had brought the defendant and purchaser
together at his own house, where the trade was fully con-
summated, unless he had been permitted at the same time
to explain that all these services, apparently in his interest
and by his procurement, were for another person exclusively.

We think the ruling of the court in admitting this evi-
dence and also in charging the jury upon the same subject,
needs no further vindication.

The plaintiff claims that the charge of the court contains
several errors, both of commission and of omission, or in
other words, that the charge, as given, was wrong, and wrong
also in omitting to charge as requested by him.

It is assigned for error that the court charged the jury as
contained in the latter part of the following paragraph, the
whole of which we cite to show the connection and that the
charge was very fair for both parties.   After referring to
the claims and evidence on both sides, the court said :

" Having weighed all these considerations and all of the evidence, for you are not by any means to be confined to the considerations which I have mentioned to you or to the evidence to which I have simply called your attention—having weighed it all, you are to determine whether Mr. Morehouse was employed by Mr. Remson to sell his farm for him. You are to determine whether he was employed by him to sell his farm for him upon an agreement that he would pay him if he did so. You are to determine whether the agreement was that, if he procured a purchaser for this farm at $10,000 only, he was to get no commissions. You are to determine whether the agreement was that, if he procured a purchaser and wanted commissions, he must get more than $10,000. And you will decide the case accordingly. For, if the agreement between them was as stated by Mr. Remson, that he must have $10,000 net, and if Mr. Morehouse expected commissions he must ask and get more than that, Mr. Morehouse is not entitled to commissions or a verdict in this case."

This is too manifestly correct to require, or even to justify, discussion. In relation to it the plaintiff's counsel is constrained to say in his brief:—" This instruction, while pertinent in one aspect of the case, was erroneous in confining the attention of the jury to it and forbidding them to consider the three claims of the plaintiff to be noticed under the next head."

The court did not confine the attention of the jury to a part of the case, nor forbid them to consider anything that properly belonged to it. The court gave the plaintiff the full benefit of all his evidence, by repeatedly stating to the jury in substance that if he had in their opinion, by a fair preponderance of the evidence, proved the agreement as claimed by him, he was entitled to the verdict, and the very last thing which the court said to the jury, was this:—" Gentlemen:—the law requires you to find that that which the plaintiff claims in his complaint is substantially true." Here counsel for the plaintiff interrupted the charge with the query,—" By verbal understanding? " and the court continued—" is substantially true upon the evidence, that that

agreement was entered into between them in substance, and that that which was charged in the complaint in fact happened in substance.    That, I think, it is necessary for you to find. Mr. Morehouse has detailed to you the agreement which he claims to have made with Mr. Remson.    I charge you that, if you find that the agreement which he claims to have made with Mr. Remson he, in fact, did make, he has proved the allegations of his complaint."

It is difficult to conceive upon what grounds the plaintiff can complain of such a charge even as these extracts show, and if we were to take the entire charge it would be still more difficult to find fault with it.    The only restriction in the charge is, that the plaintiff cannot go outside of the case, as the substance of the complaint limits it, and as the evidence may limit it.    The plaintiff was relieved by the court of all danger from any variance that might be claimed by the direct instruction to the jury that if the plaintiff had proved that he made such an agreement as he claimed on the trial to have made he had proved the allegations of the complaint.    How could the plaintiff expect to win his case if he failed as to these most reasonable requirements.

But the plaintiff by his fourth assignment of error claims to have been aggrieved because the court omitted to charge the jury in accordance with the three special requests there mentioned, namely:—

" (a.) That even if the agreement were as stated by the defendant, still, if the plaintiff procured the purchaser, and the purchaser and the seller dealt between themselves for ten thousand dollars, the plaintiff was entitled to his commission.

" (b.) That the plaintiff was entitled to a verdict if the jury should find that he substantially effected the sale by procuring and introducing a purchaser to whom the defendant sold the land.

" (c.) That the plaintiff was entitled to a verdict if the jury should find the agreement in the first instance to have been that the plaintiff should have no commission unless he got more than ten thousand dollars for the farm, if the jury

should also find that the plaintiff consented to the sale for ten thousand dollars, and also that the defendant thereupon renewed his special promise to pay the commission."

The first request was manifestly incorrect. The agreement as claimed by the defendant excluded all commissions to be paid by him, while at the same time the defendant conceded just what the request states, that the plaintiff procured the purchaser and that the purchaser and defendant finally dealt between themselves for ten thousand dollars. The controlling question was whether the plaintiff acted under the promise or inducements held out by the plaintiff or as his agent. The agreement which the request concedes to be true shows that he did not. All that this request amounts to is that the defendant's claim as to the agreement was no defense.

As to the second of these requests, there was no question upon the trial that made it necessary. It was conceded that if the agreement was as the plaintiff claimed, his action under it was a sufficient performance to entitle him to his commission. The court gave the plaintiff the full benefit of this point, by making his case turn on the mere proof of the agreement as he claimed it.

The third request is based on the assumption that there were two agreements between the parties—the principal one just such as the defendant claimed, that the plaintiff was to have no commissions, and the other, a sort of satellite revolving around the principal agreement, ready at the critical moment to fall upon and destroy the latter, and establish an agreement whereby the plaintiff was entitled to his commission.

There was nothing in the case that called for this strange splitting of the evidence and of the contracts. It is true that the plaintiff, having testified to the agreement entitling him to commissions, stated in that connection that, just before and after the agreement was consummated at the house of the plaintiff, the defendant said to him that as soon as the business was finished and he got his money he would make it entirely satisfactory to the plaintiff for his services and

would pay him. But this was stated to re-enforce the agreement and recognize it as the plaintiff claimed it, and was not intended as another agreement, contrary to the one just made.

If the jury had believed the plaintiff's version of the agreement as made, they would have believed this statement as to the defendant's recognition of it, and on the contrary, if they believed the defendant and found such an agreement as he testified to, they could not have believed this part of the plaintiff's testimony, rejecting the rest.

The case shows that there was one and only one definite agreement claimed on the part of the plaintiff, and also one and only one on the part of the defendant, and these two agreements were inconsistent with each other and could not both be true. It was certain that the party who established his agreement in the convictions of the jury must prevail. There was no ground for an implied agreement or any essential modification of the agreement. Both the pleadings and the evidence on the part of the plaintiff made the case turn on the proof of this one definite agreement.

In some cases the evidence presents such varying aspects as that different conclusions of fact may be legitimately reached, and where such is the case, and the pleadings admit of it, the court may with propriety be required to charge the jury in the alternative, or in reference to different contingencies of fact that may control the case. But in the case at bar no basis was laid for such a claim and it was properly ignored.

In the course of his argument before the court and jury the plaintiff's counsel read the findings of fact and the opinions of judges in sundry cases mentioned in the finding. In the course of the charge to the jury the court had occasion to instruct them as to several matters which were not within their province to decide, and among them reference was made to the reading of these cases in their hearing, and the court said—" Anything which you have heard read from law books is of no concern to you. It must not enter into your consideration in any way. It must not influence you in the

slightest. That is a matter solely between the parties and the court."

So long as our statute (section 1101) makes it the duty of the court to "decide all issues of law, and all questions of law arising in the trial of any issue of fact," so long must we not only approve but commend the instructions complained of. And if this recognition and enforcement of the statutory rule should have the effect to call attention to an unseemly practice occasionally witnessed in our courts, when the zeal of counsel, unconsciously perhaps, prompts them to virtually appeal from the decision of the court to the jury in a pure matter of law, it will, we trust, tend to promote dignity and justice in judicial proceedings.

The 6th, 7th, 8th, and 9th assignments of error only remain to be considered, but they may be quickly disposed of, for they belong to one class and embrace only matters of comment and "observations on the evidence" permitted by statute and within the fair discretion of the trial judge, and which therefore are not reviewable.

Of the several matters referred to in these assignments of error the sixth seems most relied upon by the counsel for the plaintiff to show a real grievance. The court, alluding to the claim of counsel that Mr. Remson was mistaken because he was contradicted by three witnesses, one of whom was a Mr. Bassett, tersely remarked, "that it was no worse for Mr. Remson to be contradicted by Mr. Bassett, than it is for Mr. Bassett to be contradicted by Mr. Remson." This, as between the two, other things being equal, was strictly true, but no account was taken of the other two witnesses, and if it had been left by the court in that position, there would have been some ground for complaint. It was of course a matter exclusively for the jury, as the court immediately stated, and said to them: "You will give that claim such consideration as you think it ought to have, You have seen the witnesses upon the stand. You have heard their testimony. You will decide between them." This committal of the whole matter to the jury was clear, full and emphatic, and we think it furnished a sufficient antidote for.

whatever mischief (if any) might otherwise have been occasioned by the first remark.

As to all the other assignments of error referred to, the answer to be made is so obvious as to require no discussion. There was no error in the rulings complained of.

In this opinion the other judges concurred.