PETER N. LEONE *vs.* THE I. & F. MOTOR CAR COMPANY.

First Judicial District, Hartford, May Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

A direction to the jury to "disregard whatever may have been said by counsel" is not erroneous or misleading when it appears from the context that the remark had reference solely to the duty of the jury to take the law of the case from the court and not from counsel.

An agreement to sell and deliver a "Brennan" automobile "in good and running condition" does not constitute a warranty of the component parts of the car, nor impose any other obligation upon the vendor than to deliver an automobile known by that name which at the time of its delivery is in the condition required by the warranty.

In consideration of the sale and delivery of such an automobile to the defendant, the latter promised the plaintiff to pay him therefor one thousand shares of its stock and also to deliver to him a new car of a standard make. The plaintiff delivered his car and the defendant turned over to him the shares of its stock, but refused to deliver the new car upon the ground that the car received of the plaintiff was defective and not in good running condition; and under a counterclaim sought to recover for the expense which it alleged it had incurred to remedy these defects. *Held:*—

1. That the jury were properly instructed that if they found the plaintiff had done his full duty under the contract, they would have no occasion to consider the counterclaim.

2. That the value of the shares of stock was of no importance in any

event, there being no demand in the defendant's pleadings for a return of the stock nor for any credit on account thereof.

The agreement contained a clause that in case of any differences between the parties they should be submitted to arbitration. · *Held* that in the absence of any reference to that clause in the pleadings or requests to charge, the trial court committed no error in not instructing the jury concerning it.

Argued May 3d—decided June 15th, 1911.

ACTION to recover damages for breach of contract, brought to the Superior Court in Hartford County and tried to the jury before *Burpee, J.;* verdict and judgment for the plaintiff for $2,500, and appeal by the defendant. *No error.*

*Cornelius J. Danaher,* for the appellant (defendant).

*Walter S. Schutz,* for the appellee (plaintiff).

RORABACK, J.   Peter N. Leone was the owner of an automobile which he called the Brennan automobile. The I. & F. Motor Car Company, a corporation acting through W. O. Foss, its secretary, entered into a written agreement with Leone to purchase the automobile. The contract was as follows: "This agreement made this 29th day of June, 1910, by and between The I. & F. Motor Car Co., a corporation of Arizona, having a place of business in New Britain, Conn., party of the first part, and Peter N. Leone of Hartford, Conn., party of the second part, witnesseth: that for and in consideration of the sum of one dollar ($1.00) by each of the parties hereto paid to the other, and the receipt of which is hereby acknowledged, said parties have agreed as follows: The party of the second part hereby agrees to deliver on or before July 2, 1910, to the party of the first part, to be its property, one Brennan automobile, with all the appurtenances  necessary for operation and in good and running condition.  The party of the first

part agrees to pay to the party of the second part for said Brennan automobile or car on delivery thereof one thousand (1,000) shares of stock in the corporation of said The I. & F. Motor Car Co., and in addition thereto agrees to deliver to the party of the second part one new Firestone Columbus Motor Car or automobile such as is shown in the cut attached hereto and identified as 'Model 6-B' except that the said 'Model 6-B' car is to be equipped with mud guards as shown in the cut of the 'Model 7-A' car or automobile also attached hereto, said Firestone Columbus car or automobile to be provided with a transmission or drive such as disclosed in an application for patent filed by W. O. Foss on February 23, 1910, said Firestone Columbus car or automobile equipped as set forth to be delivered by the party of the first part to the party of the second part on or before August 31, 1910, it being understood that if the said Firestone Columbus car cannot be purchased or cannot be procured, that the party of the first part will furnish the party of the second part with some other standard make of new four passenger car or automobile to be selected by the party of the second part, said other car which is to be selected as provided by said party of the second part, to be equipped with a frame similar to that shown in said cut 6-B, the engine or motor to have a cylinder of at least five inch bore and its piston to have a stroke of at least five inches and the engine or motor to be a Continental or American-British and said car which may be thus selected to have a McCue steering post and a double admission system, it being understood that the car to be furnished by said party of the first part to said party of the second part shall be the property of the latter as provided for hereinbefore and also that it shall have the necessary appurtenances hereinbefore mentioned and shall be in good and running condition. It

is understood also that in case of any disagreement or misunderstanding between the parties hereto, the same shall be not litigated but shall be submitted to the arbitration of three persons, one of whom shall be selected by the party of the first part, the second by the party of the second part and the third by the other two arbitrators. In testimony whereof the parties hereto have hereunto affixed their hands and seals this 29th day of June, 1910. I. & F. Motor Car Co., by Willis P. Corbin, *Pres.*, Walter O. Foss, *Sec'y.* Peter N. Leone."

Leone delivered the Brennan automobile to Foss, who took the same into his possession under the written agreement, and has since retained possession of the same. Shortly after the Brennan automobile was delivered by Leone to Foss, the one thousand shares of the I. & F. Motor Car Company were transferred to Leone who has since retained them. The I. & F. Motor Car Company refused, however, to deliver the automobile to which reference is made in the written agreement, because of the claimed defective condition of the Brennan automobile, and the failure of the plaintiff to perform the conditions of the contract.

Leone claimed that there were no defects in the Brennan automobile, and that there had been a full performance of the contract upon his part.

The jury found the issues for the plaintiff and the defendant appealed.

The defendant's reasons of appeal relate to alleged errors of the court in its instructions to the jury. Objection is made to the charge because the court said to the jury that "whatever may have been said by counsel you will disregard." Separated from the context this general language might have misled the jury, but when considered in proper connection with the rest of the instruction, it could not have done so. This statement

Leone *v.* I. & F. Motor Car Co.

was selected from a portion of the charge reading as follows: "At the outset, I must remind you of those principles of law which must govern your deliberations. The court will instruct you upon the questions of law which arise in the case, and are to govern it, and you will follow the instructions of the court implicitly. Whatever may have been said by counsel you will disregard. Whatever you think the law should be is of no importance. You will take the law from the court, and follow it strictly. If the court is in error, its error may be corrected. If you attempt to follow other law than that given by the court, there may be no means of redress." The instructions must be read together to determine whether they correctly state the law. *State v. Cabaudo*, 83 Conn. 160, 166, 76 Atl. 42; *Hartford v. Champion*, 58 Conn. 268, 276, 20 Atl. 471. The instructions in this paragraph as a whole could not have given the jury the impression that they were to remove from their consideration whatever might have been said by counsel. It is reasonable to infer that the jury must have understood from the judge's remarks that questions of law were to be taken only from the court. Taken in this way this remark was not erroneous. *Morehouse v. Remson*, 59 Conn. 392, 400, 401, 22 Atl. 427.

The court instructed the jury that "you will notice, that there is no warranty or guarantee of component parts of this machine. He did not undertake to deliver any particular engine, or any particular part. He had that certain machine which is designated as a Brennan automobile. It was that particular machine which they were talking about, which the plaintiff was willing to sell and which the defendant was willing to buy. The guarantee, the undertaking of the plaintiff, was to sell the particular machine, and he bound himself only to this extent, that that machine, when he delivered it to the defendant, should be in good and running con-

dition. There may be a great many other machines better than this one. That is a matter of no importance. These parties were dealing with that one machine, and the plaintiff undertook only that that machine should be at that time in a good and running condition, and the language must be considered fairly and reasonably, as intelligent men, ordinarily prudent men, would accept it."

The defendant contends that these instructions unfairly limited the terms of the written warranty, in that they eliminated from the consideration of the jury any warranty of the component parts, defects in the engine, and other particular parts of the automobile. An examination of the instructions shows that the defendant's rights under the warranty in the written contract were carefully protected and exhaustively explained by the court in repeated statements upon that subject. Among other things in this connection it said: "You will notice the general allegation made by the plaintiff, that he has performed all his obligations under the terms of the contract. Among these obligations was this, that he would, on or before July 2, 1910, deliver to the defendant, to become the defendant's property, one Brennan automobile with all the appurtenances necessary for the operation and in good and running condition. The defendant denies that this automobile, which it admits it received, was in good and running condition. And as I understand the pleadings and the evidence that is the beginning of the controversy between them. Was this machine, then, in good and running condition? . . . It is a question of fact for you to settle, whether or not it was, on the 29th day of June, when the plaintiff gave it over into the keeping of the defendant, in good and running condition."

The trial court also said: "Well, now, gentlemen, if this plaintiff is entitled to recover at all, it will be be-

cause you have found that he fulfilled his contract, that he performed all that it was his duty to do according to the terms of the contract. If he did that, and you so find, you will have no occasion to consider this counterclaim, because the counterclaim is based upon the proposition that the defendant has suffered loss by reason of the failure of the plaintiff to perform the contract according to its terms. So, if you find for the plaintiff, you will have no occasion to consider the case any further." Upon this subject the jury were further instructed: "I understand that to mean, gentlemen, that if you find this defendant has expended any sum of money because of the failure of the plaintiff to perform his part of the contract, you are at liberty to award damages to the defendant for that amount, and you will take into consideration the evidence which has been offered here by the defendant for that purpose. Because it is a fact that, under our law, and under this pleading, if this defendant, by reason of the failure of the plaintiff, has been put to expense to remedy any defect in this automobile, he is entitled to a judgment in his favor for that amount."

The defendant also complains because the court instructed the jury that "we have had considerable testimony as to the value of this stock. If the plaintiff has performed his contract according to its terms, he has the right to retain that stock. That was part of the bargain. What the value was, is a matter of no importance here whatever. If the plaintiff failed to keep the terms of the contract as he agreed, and the defendant has been compelled to go to expense on that account, he is entitled to recover for that expense, and the value of the stock in that connection is a matter of no importance."

These instructions were correct and adapted to the issues in the case on trial. If the plaintiff had fully per-

formed the contract according to its terms, he had a right to retain the stock. Moreover, the defendant in its pleadings does not claim any credit for the stock, nor ask for its return. Under these circumstances the value of the stock was not an issue in the case.

The defendant assigns as error that the trial court failed to charge the jury concerning the arbitration clause contained in the written contract. A sufficient answer to this claim is that the failure to arbitrate was not pleaded, nor any request made to instruct the jury upon this subject.

There is no error.

In this opinion the other judges concurred.