## LORETO ROMA *vs.* CLIMAX COMPANY OF LOWELL.

Second Judicial District, Norwich, October Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

In an action to recover damages for personal injuries by a servant while riding upon a freight elevator, the defendant master offered evidence to prove that it had provided stairways in its factory for the use of its employees, who had been forbidden to ride upon the elevators, and that the plaintiff had also been personally warned not to do so. The plaintiff denied having received any personal

warning, and offered evidence to prove that the elevators had been constantly used by the employees in going to and from their work, with the knowledge of the defendant, and that such use justified a finding of implied permission or license. Under these circumstances the court instructed the jury that if the plaintiff was using the elevator to go to his work with the express or implied permission of the defendant,—each of which was explained to the jury,—it was the duty of the defendant to see that the elevator was reasonably safe for such purpose. *Held* that in view of the evidence and claims of the parties this was a proper and adequate instruction for the guidance of the jury upon that branch of the case.

A count in the complaint in support of which no evidence is offered, may very properly be excluded from the consideration of the jury by the trial judge in his charge.

After reciting in some detail the claims of the defendant to the effect that it was entirely the plaintiff's own fault that he was injured, the trial judge said to the jury that "if you find the facts as so stated," a verdict for the defendant should be returned. *Held* that the jury could not have been misled by the words quoted into believing that the recital of the judge embraced facts actually proven, rather than the defendant's claims upon the evidence.

The plaintiff alleged that he was injured while using the elevator in the performance of his duty and by the orders and requirements of the defendant. *Held* that under a denial of this averment the defendant might prove not only its untruth, but also that the exact opposite was the fact: that the plaintiff had been forbidden to use the elevator and was disobeying that injunction when injured.

The trial court instructed the jury that if the defendant furnished the elevator for the plaintiff to use, it was its duty to instruct him how to use it, and to warn him of such dangers as were not obvious or known to him. *Held* that in the absence of any request to charge, the evidence and claims of the parties did not require any further instruction upon this point.

Whether the trial court erred or not in refusing to set aside the verdict, is to be determined solely by a consideration of the evidence; and therefore an amendment or correction of the finding would be of no aid to the decision of that question.

The evidence in the present case briefly reviewed and *held* sufficient to warrant the jury in finding a verdict for the defendant.

Argued October 20th—decided December 2d, 1914.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in New London County and tried to the jury before *Shumway, J.;*

verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

The complaint alleged that on the 13th day of May, 1912, the plaintiff was an Italian, eighteen years of age, unable to speak or read the English language, wholly inexperienced in the use of an elevator, and that the defendant negligently failed to instruct or warn the plaintiff of the danger in undertaking to use one of its freight elevators.

The first count of the original complaint contained these averments as to the nature and cause of the accident: "On said day the defendant corporation carelessly and negligently had, kept, and maintained in said mill and factory for the use of the workmen employed therein, who in the line of their duty and service were required and compelled to use the same in passing to and from their place of employment, a certain heavy freight elevator in said mill and factory without properly shielding, guarding or protecting the same so that it would be reasonably safe for and to the employees of the said defendant corporation who in the line of their duty were required and compelled to use the same. On said 13th day of May at about one o'clock in the afternoon the said Loreto Roma was at work for and in the employment of the defendant corporation in said mill and factory and in the line of his duty and service was required and compelled to use said elevator so located in said mill and factory as aforesaid. At the time and place above mentioned the said Loreto Roma, while in the exercise of ordinary care on his part, was using and attempting to use said elevator, being kept and maintained by the defendant corporation as aforesaid, without being properly shielded, guarded or protected, suddenly jolted and started upward thereby throwing the said Loreto Roma to the floor of said elevator with great force and violence and by reason of

said elevator being kept and maintained without being properly shielded or protected as aforesaid, and by reason of said sudden jolt and upward movement of said elevator, as aforesaid, the said plaintiff was thrown and caught between said elevator floor and the floor above with great force and violence."

This complaint was amended by adding a second count. This count was the same as the first count, excepting as to a portion of paragraph four, which avers: "At the time and place mentioned in the preceding paragraph the said Loreto Roma, while in the exercise of ordinary care on his part, was using and attempting to use said elevator and while so engaged on account and by reason of the said elevator being kept and maintained by the defendant corporation as aforesaid, without being properly shielded, guarded, protected, and safeguarded so as to make it, the said elevator, reasonably safe, the said Loreto Roma in the line of his duty and in the course of his employment and in the exercise of all due care, stepped, entered and climbed into the said elevator in order to go to the place of his employment on the top floor of the mill building and while said Roma was on said elevator as it was moving upward he, the said Roma, was caught, pinched, and bruised with great force and violence between the floor of said elevator and the mill floor above."

*Charles W. Comstock* and *Lee R. Robbins*, for the appellant (plaintiff).

*Christopher L. Avery*, for the appellee (defendant).

RORABACK, J.   The action of the court in its charge to the jury, in denying a motion to set aside the verdict as against the evidence, in finding certain facts set forth in the finding, and in refusing to find other facts as requested, was assigned as error by the plaintiff.

The jury were fully and correctly instructed at one point in the charge as to the master's liability for an injury to his servant when sustained in the course of his employment.

In another passage of the charge which related to the plaintiff's use of the elevator with the express or implied permission of the defendant, the jury were instructed as follows: "If he was using it by the express or implied permission of the master for the purpose of going to his work, it was then the master's duty to see that it was reasonably safe for the purposes of an elevator. Now, express permission, you will understand, would be a statement by the master, or by some person in authority, to the employees to use the elevator. An implied permission may be found by you to use the elevator if the elevator was habitually used by the employees in going to the third floor, with the knowledge on the part of the defendant that it was so used, and the defendant made no objection or prohibition of its use."

The jury were thus correctly instructed as to the principles of law applicable to this subject. But the plaintiff contends that these instructions deprived him of his right to go to his work by the elevator, and placed him in the same category with mere licensees, with whom no contract of service existed, besides depriving him of the protection the law provides.

The place where the accident occurred was a large, brick, factory building at Montville. There were three floors to the building. The Climax Company occupied the third, or top, floor. At the time of the accident there were two flights of stairs leading to the floor occupied by the defendant company. There were also two freight elevators. The defendant offered evidence to show that the way provided for the employees to go up and down to their work was by the stairways; that

the employees were forbidden to ride up in the elevators; that there was a sign upon the elevators forbidding the employees to ride upon them; and that the plaintiff had been warned personally not to ride upon the elevators.

The plaintiff denied that he had been warned not to ride upon the elevator, and also offered evidence to prove, and claimed to have proven, that the elevator had been constantly used by the employees of the defendant in going to and from the third floor with the knowledge of the defendant, and that an implied permission or license should be found on the part of the defendant for the plaintiff to use the elevator in going to and from his work.

The issue thus presented was one of the important questions for the jury to determine. A charge should be read in the light of the evidence and claims of the parties. When so considered in the present case, it is plain that the jury were properly instructed upon this branch of the case.

In paragraph four of the first count in the complaint, the plaintiff averred that when using, or attempting to use, the elevator, it was suddenly jolted and started upward, throwing Roma to the floor and injuring him. In the second count it was alleged that Roma was injured while he was in the line of his duty and in the course of his employment, and that in the exercise of all due care, he stepped, entered and climbed into the elevator to go to the place of his employment on the top floor of the mill building. The only direct evidence upon this subject was that of the plaintiff, who testified that he got onto the elevator on the second floor of the building, when the elevator was moving upward; that he ran and caught the elevator and jumped on. There was no evidence to sustain the allegation set forth in the first count in the complaint, that the elevator sud-

denly jolted and started upward, thereby throwing Roma to the floor. Under these circumstances, in the absence of any request to charge, the court was fully warranted in instructing the jury: "I do not understand that any claim is made before you that the plaintiff can recover on the first count. And therefore it is the second count to which I direct your attention."

At one point in its charge the trial court said: "On the other hand, it is insisted on the part of the defendant that this plaintiff had been, at least upon one occasion, directly told not to use the elevator in going to and from his work; that there was a notice posted upon the elevator, or a portion of it, warning the operatives or employees against using it for any purpose except carrying freight; that the plaintiff knew that he was forbidden to use the elevator; . . . and that he, having been warned and told not to use the elevator, it was entirely his own fault that he was injured. It is unnecessary for me to state, in connection with the rules of law governing the case, that if you find the facts as so stated it will be your duty to find a verdict for the defendant."

The jury could not have been misled by the words "if you find the facts as so stated it will be your duty to find a verdict for the defendant." The language just referred to, taken as a whole, could not have given the jury the impression that the statement made embraced facts actually proven. It is reasonable to infer that the jury must have understood that the expression, "the facts as so stated," referred to the claims of the defendant stated in the first part of the above quotation. Taken in this way, the remark was not erroneous.

It is also urged that the question whether or not the plaintiff was forbidden to use the elevator and disobeyed the orders of his employers in using it, was not directly raised by the pleadings.

The plaintiff had the burden of proving the affirmative of the allegations in his complaint; but the law permitted the defendant, by appropriate evidence, both to meet and overcome the plaintiff's evidence in the affirmative, and to establish the negative as true. To accomplish this the defendant was not to be restricted to a mere verbal denial, but might make that denial effectual and conclusive by proving such a state of facts as would show either that the affirmative could not be true or that the negative must be true. If the plaintiff had been forbidden to use the elevator and disobeyed, and there was a notice posted upon the elevator warning the operatives not to use it for any purpose except carrying freight, he could not have been using the elevator when he was injured in the performance of his duty, and by the orders and requirements of the defendant. See *Morehouse* v. *Remson*, 59 Conn. 392, 395, 396, 22 Atl. 427. It is apparent that the charge to the jury upon this branch of the case was adapted to the evidence, issues, and claims of the parties.

The plaintiff claims that the instructions of the court contain errors of commission in the charge as given, and of omission in failing to charge upon questions that sometimes arise in the trial of cases of this character. Of the latter class none seem to have sufficient merit to warrant their discussion, except one based upon the master's duty to instruct and warn his servants of dangers and defects not obvious or known to the servants. Upon this point the jury were instructed that "if the defendant furnished the elevator for the plaintiff to use, it was its duty to instruct him how to use it and to warn him of such dangers as were not obvious or known to the plaintiff when he was using it." In the absence of any request to charge, the evidence and claims of the parties did not require any further instructions upon this point.

There are several assignments of error based upon the finding of facts by the trial court, to the effect that certain facts were found without any evidence. The appellant also contends that the finding should be corrected by the addition of other facts established by the evidence. Upon the appellant's motion a transcript of the evidence is before us. An examination of the record discloses that the appellant's claim, that certain facts were found without any evidence to support them, is without merit.

Three separate claims are made by the plaintiff that the finding should be corrected by the inclusion of additional facts, upon the ground that they were established by the evidence and are necessary to properly present the facts, rulings and charge of the court. We fail to discover how any one of these claimed additions possesses importance as bearing upon any of the assigned errors other than the denial of the motion to set aside the verdict. That being so, their inclusion in the finding would not be helpful to the plaintiff. The transcript of the testimony is before us, and it is to that that we look in determining whether the court erred in refusing to set aside the verdict. For the purposes of the appeal from the denial of a motion to set aside the verdict, a finding is unnecessary. The transcript of testimony needs no supplementing in that way. *Summa* v. *Dereskiawizc,* 82 Conn. 547, 74 Atl. 906; *Farrington* v. *Cheponis,* 84 Conn. 1, 78 Atl. 652. The additions to the finding as desired are unnecessary, and the rights of the plaintiff are fully protected without them.

Our examination of the evidence satisfies us that the trial court did not err in denying the motion to set aside the verdict. There was evidence from which the jury could reasonably have found that the plaintiff was not in the exercise of ordinary care when he was in-

jured, and that this want of care contributed to his injury. There was evidence that the elevator in question was for the use of freight only, and that a notice was posted upon it forbidding its use except for carrying freight. There was further testimony from which the jury could reasonably have inferred that the plaintiff had been personally forbidden to ride upon the elevator. His own testimony as to the manner in which he was injured was as follows: "Everybody had gone out of the factory. I went out to get a paper. After I got the paper, I went up stairs, and I found the elevator running and I jumped on it, and after I jumped on it, my legs got caught on the elevator, and after my legs got caught on the elevator, I tried to stop the elevator, and I did not have the time, because I was about even with the floor." This, with other evidence for the defendant, furnished sufficient warrant for the verdict rendered, and the motion to set it aside was properly overruled.

There is no error.

In this opinion the other judges concurred.