ANTHONY MIKULA v. ALPHONSE LUCIBELLO

COURT OF COMMON PLEAS   NEW HAVEN COUNTY   FILE No. 41661

Memorandum filed November 20, 1951.

B. *Fred Damiani,* of New Haven, for the Plaintiff.

*Alphonse C. Fasano,* of New Haven, for the Defendant.

FITZGERALD, J.   The defendant operates a garage in New Haven and is also a dealer in secondhand cars.   On January 24, 1949, the plaintiff purchased from the defendant a used 1940 Oldsmobile for the sum of $843.35.   In this action the plaintiff seeks to recover the purchase price of the car and various expenditures he claims to have made in an effort to correct mechanical defects.   The complaint is in two counts.   The first relies on the breach of an express warranty; the second on misrepresentation.

The Sales Act prescribes the remedies available to a buyer who claims a breach of warranty by the seller of personal property.   *Keeler* v. *General Products, Inc.,* 137 Conn. 247, 249; General Statutes § 6684.   The plaintiff's offer of proof and his argument to the court indicate that his reliance is on subsection (d) of the statute—rescission and recovery of the purchase price.   The short answer to the plaintiff's claim under the first count is that he never offered to return the car to the defendant before suit was instituted.   That he did so a short time after its purchase, but permitted the defendant to work on it and thereafter took it back into his possession, does not supply the statutory prerequisite of "return or offer to return" the subject of the sale.

Aside from this technical aspect, the court is of the opinion that the evidence does not support a finding of a warranty on the part of the defendant. Granting that the defendant said to the plaintiff before the contract of sale was entered upon, "This car is in A-1 condition; I just overhauled the motor," such words do not constitute an express warranty but merely "seller's talk." Morley v. Consolidated Mfg. Co., 196 Mass. 257, 258; and see Leone v. I. & F. Motor Car Co., 84 Conn. 463, 468.

Nor are the words actionable as constituting a misrepresentation. "It is settled that the law does not exact good faith from a seller in those vague commendations of his wares which manifestly are open to difference of opinion, which do not imply untrue assertions concerning matters of direct observation, (Teague v. Irwin, 127 Mass. 217) and as to which it always has been 'understood, the world over, that such statements are to be distrusted.' " Holmes, J., speaking for the Supreme Judicial Court of Massachusetts in Deming v. Darling, 148 Mass. 504, 505.

The subject of the sale was a used car nine years old. The plaintiff was not alone when he inspected the car preliminary to buying it. He was accompanied by his brother and a friend, the latter having some familiarity with cars. All three took a ride as part of a demonstration program. That the car did not turn out to be as free of vices as would a new car, or a car less burdened with age, is of no consequence in this case as pleaded and tried.

Since the court cannot find fraud, the provision contained in the sale slip signed by the parties ("all terms and conditions of this sale are expressed in this agreement; any promises or understandings not herein expressed in writing are hereby expressly waived") is conclusive against the plaintiff's right of recovery. 23 Am. Jur. 778, § 26.

Judgment is required to be entered for the defendant.