HYMAN WEINHOUSE vs. THOMAS J. CRONIN.

Third Judicial District, New Haven, June Term, 1896.  ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The question whether, upon a given state of facts, an implied or more accurately a *quasi* contract, existed between the parties, is one of law and reviewable by this court on appeal.

In a suit by a real estate broker against the owner and vendor of real estate, to recover the reasonable worth of his services, the plaintiff must prove, in the absence of any express contract, either that the defendant so conducted that the plaintiff, while acting fairly himself, honestly believed a lawful request had been made to him by the defendant for his services as a broker in the sale of the property, and that he, relying thereon, rendered such services; or that he, without having been so requested, rendered services as a broker in the sale of the property, under circumstances indicating that he expected to be paid therefor, and that the defendant knowing such circumstances availed himself of the benefit of the services. If the plaintiff proves neither of these conditions, he is not entitled to judgment.

[Argued June 9th—decided June 25th, 1896.]

ACTION to recover for services as a broker in effecting a sale of certain real estate, brought to the City Court of New

Haven and tried to the court, *Dow, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court. *Error and judgment reversed.*

The plaintiff set forth in his complaint that he rendered services for the defendant at his request, as broker in the sale of certain real estate; that for said services the defendant promised to pay him what the same were reasonably worth, and that the same were reasonably worth $180, which sum he claimed to recover. The defendant denied the matters alleged in the complaint.

The trial court made a finding of facts as follows: "1st. The plaintiff was a real estate broker, having an office and doing business at his residence in New Haven. 2d. The defendant was the owner of property situated on Lafayette street in said New Haven, which he desired to sell, and had a sign on said property advertising the same for sale. 3d. The plaintiff had certain customers who desired to purchase said property. 4th. The plaintiff called upon the defendant in Wallingford, at his house, and there told him he had a customer, and asked the defendant what his price was for the houses. The defendant's reply was, $10,500 on the installment plan, $2,000 down, or $9,000 for cash. Nothing was said about commission at that time. 5th. The defendant afterwards came down from Wallingford, and went to the house of the plaintiff to see him in reference to the sale of said houses on Lafayette street, and also saw the plaintiff at the house of the sister of the defendant, in relation to the same matter, at which time the matter of commission was mentioned. 6th. The defendant afterwards came down from Wallingford and met the plaintiff, and went with him to the house of one Herz, where the plaintiff introduced him, saying: 'Mr. Herz, this is Father Cronin: I am trying to sell his property'; and to Father Cronin: 'This is my customer.' The price of said property was then talked over between Mr. Herz and the defendant. 7th. Herz and the defendant were strangers until the plaintiff brought them together. 8th. Afterward the defendant without the knowledge of the plaintiff called

on Herz and effected the sale of said property to Herz for $9,000. 9th. Herz never employed or paid the plaintiff. 10th. The brokerage fee, unless otherwise agreed, is 2 per cent. 11th. There was an implied contract to pay commission. 12th. Judgment for the plaintiff to recover $180 with costs. 13th. Upon the foregoing facts, the defendant claimed as a matter of law: 1st. There was no express or implied contract to pay any commission. 2d. The plaintiff was not entitled to any commission as a real estate broker where the property was never placed in his hands by the defendant to obtain a purchaser of the same. 3d. The plaintiff was not entitled to a commission, as a real estate broker, where there was no contract or agreement between him and the defendant, that the plaintiff should procure a purchaser of said property of the defendant. 4th. The plaintiff was not entitled to any commission as a real estate broker because he had introduced the purchaser of the property to the defendant and was the procuring cause of the sale being made, unless he also proved that the same had been done under a contract of employment between the plaintiff and the defendant." From a judgment for the plaintiff the defendant appealed to this court.

There is only one of the reasons of appeal which it is necessary to notice: " The court erred in ruling that as a matter of law, upon the facts found, there was an implied contract to pay commissions."

*Henry F. Hall* and *Richard H. Tyner*, for the appellant (defendant).

*David Strouse*, for the appellee (plaintiff).

ANDREWS, C. J. The finding that there was an implied contract to pay a commission, shows that there was no express one. An implied contract respecting any matter can exist only where there is no express one. 1 Chitty on Contracts (11th Amer. Ed.), 89; *King* v. *Kilbride*, 58 Conn. 109, *Brown* v. *Fales*, 139 Mass. 21. What is often termed an

implied contract, though it is more properly denominated a *quasi* contract, is matter of law. 1 Swift's Dig. 175. Such a contract rests merely on construction of law. It is one which the law, from the existence of facts, presumes the party has made. *Brackett* v. *Norton*, 4 Conn. 517, 524. A true "implied contract" on the other hand, is one which may be inferred from the conduct of the parties, though not expressed in words. In the case at bar, the finding is so drawn as to indicate that the court was of opinion that from the facts proved the law implied a contract, or *quasi* contract. If the facts which the court finds to exist, are such that the law presumes from them that the defendant had made the contract which the plaintiff has alleged in the complaint, then the judgment is correct; but if otherwise, there is error.

There are two conditions, upon either of which, if shown to exist, the law would imply a contract by the defendant to pay a commission to the plaintiff. If the defendant has so conducted that the plaintiff, acting fairly, had the honest belief that a lawful request had been made to him by the defendant to render services as a broker in the sale of the defendant's said real estate, and if the plaintiff acting on such request rendered such services, then the law would imply a promise by the defendant to pay to the plaintiff what the services were reasonably worth. Or, if the plaintiff without having been requested so to do, rendered services as a broker in the sale of the defendant's real estate, under circumstances indicating that he expected to be paid therefor, and the defendant knowing such circumstances availed himself of the benefit of those services, then the law would imply a promise by the defendant to pay to the plaintiff what those services were reasonably worth.

The facts from which the contract of the defendant to pay a commission to the plaintiff, is to be inferred, are brief · The plaintiff is a real estate broker living in New Haven. The defendant is a Catholic priest living in Wallingford. He owned certain real estate situated in New Haven which he wished to sell. He had put up a sign on it, advertising it for sale; and so far as appears, in his own name, as though

he desired to avoid the expense of a broker. The plaintiff knew that this property was for sale, and had certain customers who wished to buy it. Three interviews between the plaintiff and the defendant in respect to this property are mentioned. The substance of the first one is this: The plaintiff called on the defendant at his home in Wallingford and said to him, " I have a customer who desires to buy your property in New Haven. For what price will you sell it?" The defendant named the price. A customer is a person with whom a business house, or a business man, has regular or repeated dealings. The plaintiff being a real estate broker, his customer would be one for whom he had acted in the buying or selling of real estate. Putting then the meaning of the words in the place of the words used, and what the plaintiff said to the defendant at this interview means: " I have a man for whom I am acting who desires to buy your property in New Haven. For what price will you sell it?" The fact that the plaintiff led the defendant to believe that he was the agent of a would-be-purchaser, excludes the possibility of his being the agent of the defendant. The law will not permit any one to be the agent of the buyer and the seller at the same time, unless there is knowledge by both and an assent thereto. *Bollman* v. *Loomis*, 41 Conn. 581.

The second interview sheds no light at all on the relation of these parties.

The third one is this: The plaintiff took the defendant to the house of one Herz and introduced them, saying: " Mr. Herz, this is Father Cronin ; I am trying to sell his property." And to Father Cronin, " This is my customer." The price of the property was then talked over. No sale was then made. Afterwards the defendant called on Herz, and without the knowledge of the plaintiff effected a sale of the property to him.

Putting the meaning of the word customer in the place of that word, and the third interview becomes: " Mr. Herz, this is Father Cronin. I am trying to sell his property. Father Cronin, this is the party to whom I alluded at our interview at Wallingford. This is the man for whom I am

Weinhouse *v.* Cronin.

acting." Reading these interviews in the meaning which the parties, acting fairly, must have attached to the words, it is certain that the plaintiff could not rightfully, at the first interview, have believed he was requested by Father Cronin to act as broker for him. He was acting at that interview as the broker for the intending purchaser. He could not honestly have supposed he was requested to betray his own customer. At the third interview words were used from which, being unchallenged by the defendant, it is argued the plaintiff might fairly suppose that Father Cronin assented to his acting as broker to sell the property. Assume this to be true; *but after that interview* the plaintiff rendered no services as broker, and so did nothing for which he might justly charge commission. It may perhaps be urged, as it is, that the bringing Father Cronin to the house of Mr. Herz and introducing them to each other, was services as a broker of which the defendant availed himself. Let this be taken to be true; but no contract to pay for that service would be implied against Father Cronin, unless the service was rendered under circumstances such as fairly to give notice to Father Cronin that the plaintiff was expecting pay therefor from him. Now a declaration by the plaintiff at that very time, that Mr. Herz was his customer, and so the party for whom he was acting, could not be regarded as giving any such notice to the defendant; but exactly the contrary. The law never implies a contract except where reason and justice dictate it. And it must be reason and justice which affects both the parties.

We have thus gone over the facts in the case somewhat carefully, and are not able to find anything from which the law will imply a contract by the defendant to pay the commission charged by the plaintiff. In reason and justice the plaintiff is not entitled to demand a commission, nor does reason and justice require the defendant to pay it.

There is error, and the judgment is reversed.

.In this opinion the other judges concurred.