## PAUL SUMMA *vs.* PETRARO DERESKIAWICZ.

Third Judicial District, Bridgeport, October Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

No assignment of error can properly be made respecting a subject-matter which is not mentioned in the record.

A statement of the rulings upon evidence and of the conduct of the court during the progress of the trial, must be set forth in the finding, if these matters are to be assigned as error. A transcript of all the evidence, presented for the purpose of obtaining a correction of the finding, or a new trial for an alleged verdict against evidence, or both, cannot operate as a substitute for the finding nor serve to perform its functions.

A real-estate broker, in order to recover a commission, must prove either an express contract, or the existence of circumstances from which the law will imply a promise of payment. If he relies on an implied contract, he must prove, either that his services were rendered under a belief honestly entertained by him and reasonably induced by the defendant's conduct, that a request had been made of him by the defendant to render them, or, in the absence of such a request, under such circumstances as indicated an expectation of payment upon his part, and that the defendant, knowing such circumstances, had availed himself of the benefit of the services so rendered.

A charge which authorizes the jury to render a verdict for the broker if they find merely that the landowner had availed himself of the former's services and had agreed on the terms of sale with the negotiating purchaser, is inaccurate and prejudicial to the landowner, since it ignores important elements essential to the broker's right of recovery.

A real-estate broker who is acting for the purchaser, cannot in the absence of a disclosure of that fact, look to the seller for a commission or for compensation; nor can he do so under the theory of an implied contract, if the circumstances are such as to fairly justify the seller in assuming that the broker was acting for the purchaser, and therefore looked to him alone for payment.

Argued November 2d—decided December 17th, 1909.

ACTION to recover a commission for securing a purchaser of the defendant's real estate, brought by appeal of the plaintiff to the District Court of Waterbury and tried to the jury before *Cowell, J.;* verdict and judgment for the plaintiff for $100, and appeal by the defendant. *Error and new trial ordered.*

*Charles W. Bauby,* for the appellant (defendant).

*Dennis J. Slavin,* for the appellee (plaintiff).

PRENTICE, J. Most of the assignments of error are not well made. The record is silent concerning the subject-matter of one presenting a question as to the jurisdiction of the court.

Other assignments, to the effect that the court erred in its rulings upon the admission of testimony, and in certain remarks made in the presence of the jury during the progress of the trial, as set forth in the transcript of testimony sent up in connection with the appeal, either under § 797 of the General Statutes or for the purpose of assigning error in the denial of a motion for a new trial for verdict against evidence, and not otherwise indicated, have no proper foundation, and are not distinctly pointed out, as is required. Counsel seem to have assumed that the presence in the record of this transcript furnishes such a foundation. The transcript is before us only for the purposes of a correction of the finding, or as an incident of the appeal from the denial of the motion for a new trial, and its sole office

is in those connections. It forms no part of the record appropriate to the appeal in its other aspects. In so far as the rulings and conduct of the court in the course of a trial are to be made the subject of review, they must be first incorporated into a finding, and thus brought into the record. The transcript of testimony, if it chances to be before us for its legitimate purpose, is not before us as a substitute for a finding, and cannot be made to perform the office of a finding. *Dennison* v. *Waterville Cutlery Co.*, 80 Conn. 596, 598, 69 Atl. 1022; *Cadwell* v. *Canton*, 81 Conn. 288, 291, 70 Atl. 1025.

Error is also assigned of the court's refusal to charge as requested in the defendant's fourth request. The record does not inform us what that request was.

One part of the charge as made is, however, distinctly pointed out as embodying an erroneous statement of the law. The plaintiff, a real-estate agent, is seeking to recover a commission for obtaining a purchaser for a piece of land owned by the defendant, and upon terms named by the latter. He can recover such commission only upon the strength of an express contract, or of the existence of such circumstances that the law will imply therefrom a contract to pay for his services. Upon the trial he in form claimed an express contract, which the defendant denied, but his main reliance was placed upon an implied one. It was important, therefore, that correct and adequate instructions should be given in respect to that aspect of the case.

The law as to when an implied agreement to pay a broker's commission will be recognized, is well settled and was clearly stated in *Weinhouse* v. *Cronin*, 68 Conn. 250, 253, 36 Atl. 45. Instead of instructing the jury, in substance, as there stated, the court in the passage criticized told them, in substance, that the only question for them to determine was whether or not the defendant had availed himself of the plaintiff's services and a meeting of the minds of the defendant and the negotiating purchaser in

an agreement of sale had been brought about, and that, if they found in the affirmative, the plaintiff was entitled to recover.

The inadequacy and inaccuracy of this instruction is apparent. If we look to other portions of the charge to discover if the misconception of the law which the jury must have derived from this language was corrected by other statements of correct principles, our search has no other reward than a repetition of the same idea in somewhat different language, as, for example, in a passage in which the jury were told in unqualified language that where a person avails himself of the services of a broker, the latter is entitled to his commission, and again, in one where they were told that if they found that there was a meeting of minds upon a certain occasion upon an agreement of sale to be consummated the next morning, the plaintiff would have earned his commission. Certain important elements which enter into a broker's right to recover, under an implied agreement that his services should have compensation, were thus wholly ignored. In thus ignoring them, the defense was seriously prejudiced. It was a conceded fact that the plaintiff was active in his efforts to accomplish a sale. The charge, therefore, in effect required of the plaintiff, as a condition of recovery, only proof that there was an agreement of minds as between the defendant and the prospective buyer in question, upon a sale and its terms. The more serious obstacles to his recovery upon the evidence he offered were thus entirely avoided, and the road to a verdict in his favor was made unwarrantably easy. He was altogether excused from establishing that he had rendered his services either under and by reason of a belief, fairly and reasonably induced by the defendant's conduct and honestly entertained, that a request had been made of him by the latter to render them, or under such circumstances, in the absence of a request, as indicated that he expected to be paid therefor, and that the defendant, know-

ing such circumstances, had availed himself of the benefit of the services so rendered.

The circumstances of this case present an additional feature, which the court in *Weinhouse* v. *Cronin*, 68 Conn. 250, 36 Atl. 45, had no occasion to notice in its enumeration of the conditions precedent to a right to compensation under an implied contract. The plaintiff's testimony was that he, having a prospective purchaser, applied to the defendant to learn if the latter's property was for sale, received an affirmative reply together with a statement of the selling price, and thereupon brought the defendant and this purchaser together. In so doing was he acting for the purchaser? If so, he would not, in the absence of a disclosure of that fact, be in a position to look to this defendant for compensation, no matter if all the other necessary conditions were satisfied. *Zimmerman* v. *Garvey*, 81 Conn. 570, 71 Atl. 780. By the court's instructions the plaintiff was enabled to escape inquiry into this feature of the case. He was at the same time enabled to escape the inquiry, which under proper instructions would have been distinctly pertinent as bearing upon the question of implied contract, as to whether the circumstances were not such as justified the defendant in assuming that the plaintiff was acting as the purchaser's broker, and therefore without expectation of reward from the defendant, and as to whether or not the latter did not avail himself of such benefit of the plaintiff's services as he received in such expectation and belief.

It is unnecessary to inquire into the propriety of the court's action in denying the motion for a new trial.

There is error, the judgment is reversed and a new trial ordered.

In this opinion the other judges concurred.