JAMES DeTORO *vs.* JOSEPH CANNATA.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 21st—decided December 8th, 1931.

*Morris Blumer,* for the appellant (defendant).

*Carl F. Anderson,* with whom was *Paul S. Maier,* for the appellee (plaintiff).

PER CURIAM. The trial court has found, upon conflicting evidence and therefore conclusively, that the plaintiff, a real-estate broker, asked the defendant if a certain property he owned was for sale and if he, the plaintiff, might handle it. The defendant assented and

gave him the price to be asked. The plaintiff then told the defendant that he had in mind a possible customer, naming him. The plaintiff had previously shown the customer other properties and knew he was in the market for a property similar to that of the defendant. Two or three days after his talk with the defendant the plaintiff offered to take the customer to the property, but the latter said that this was not necessary and he would look at it himself at some convenient time. Later he opened negotiations for its purchase directly with the defendant and did purchase it. Except as stated the plaintiff had nothing to do with the sale. That the defendant employed the plaintiff to act for him in procuring a purchaser of the property was a proper conclusion for the trial court to reach. The substantial claim of the defendant is that, upon the facts found, the plaintiff was not the procuring cause of the sale because he did nothing more than direct the customer's attention to the property and took no part in the actual negotiations thereafter. The defendant relies principally upon *Rosenfield* v. *Wall*, 94 Conn. 418, 109 Atl. 409, but that case is readily distinguishable; the plaintiff there did bring the property to the attention of the ultimate purchaser, but all the offers submitted by her through him were rejected by the defendant and the sale was later made upon different terms through another broker whom the purchaser had called to her assistance; the court very appropriately said that the fact of the property having been brought to the purchaser's attention by the plaintiff and her later purchase did not furnish a sufficient basis from which the inference must necessarily follow that the plaintiff was the procuring cause of the sale. Here the plaintiff called the attention of the purchaser to the property, with the result that he ultimately did purchase it, though through negotiations carried on

directly with the owner; and there was no breaking off of the relationship of the purchaser as the customer of the plaintiff and no intervention of any other broker or intermediary. Had it not been for the services of the plaintiff it is fair to conclude that the sale would not have been made. The conclusion of the trial court that the plaintiff was the procuring cause of the' sale must stand. *Fisher* v. *Hanson,* 99 Conn. 703, 121 Atl. 77; *French* v. *McKay,* 181 Mass. 485, 63 N. E. 1068;' *Vreeland* v. *Vetterlein,* 33 N. J. L. 247; *Dreisback* v. *Rollins,* 39 Kan. 268, 18 Pac. 187.

There is no error.