Mrs. E. G. Cassidy vs. Elizabeth L. Congdon et als.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued December 6th, 1935—decided January 15th, 1936.

*David Cramer,* for the appellants (defendants Palmer *et al.,* executors and trustees).

*Harry J. Beardsley,* with whom, on the brief, was *Michael V. Blansfield,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff brought this action to recover a commission as a real-estate broker based upon the sale of a farm in Oxford by the defendants Palmer and Watson, executors and trustees under the will of Caroline H. Palmer, to the defendant Congdon. The jury rendered a verdict in favor of the defendant Congdon but against the other defendants. The present appeal is taken by them from the refusal of the trial court to set aside the verdict against them, which they claim to have had no reasonable support in the evidence. There was no antecedent employment of the plaintiff by them and her right to recover must rest upon the rendition of services by her in procuring the sale of the property under the expectation that these defendants would compensate her for them and the acceptance by them of the benefit of those services knowing that she had this expectation. *Canfield* v. *Sheketoff,* 104 Conn. 28, 33, 132 Atl. 401; *Summa* v. *Dereskiawicz,* 82 Conn. 547, 551, 74 Atl. 906; *Weinhouse* v. *Cronin,* 68 Conn. 250, 253, 36 Atl. 45.

The jury might reasonably have found the following facts: On May 15th, 1934, the son of the defendant Congdon, came to the plaintiff's home in Woodbury, where she conducted a real-estate agency, looking for a farm which his mother might purchase. The plaintiff showed him a number of farms, and among them that in Oxford which the defendant Congdon did in fact purchase. The plaintiff had learned from an advertisement that this farm was for sale and when she and Congdon visited it, they were shown about by Harold Dille, who lived upon and had charge of it.

As they were leaving Dille gave them the name and address of the defendant Watson. On hearing the name, Congdon remarked that he knew him and would see him, whereupon the plaintiff asked him not to forget that she was the one who showed him the farm. Later Congdon did see Watson, and told him that the plaintiff, a real-estate agent, had shown him the farm. Watson at first refused to have anything to do with the transaction if there was a real-estate agent involved in it, but finally it was agreed that a provision might be inserted in the contract that any real-estate commission due by reason of the sale should be paid by the defendant Congdon. This was done. Later, over the telephone, Dille told Watson that the plaintiff had shown the farm to Congdon, and Watson said that it was all right as Mrs. Congdon had agreed to pay the commission. Subsequently Congdon endeavored to have the plaintiff accept a smaller sum than she claimed, but she refused it.

From these facts we cannot say that the jury could not have reasonably reached the conclusion that the plaintiff rendered services in bringing about the sale of the property, expecting that she would be compensated therefor by the defendants Watson and Palmer, and that they accepted the benefit of those services, knowing that she was looking to them for compensation. Such a conclusion would justify a verdict against these defendants and therefore it is not necessary to consider the extent to which the jury might have found that Dille was the authorized agent of the defendants Palmer and Watson as regards a sale of the farm or how far they would be chargeable with his knowledge of relevant circumstances.

There is no error.

In this opinion the other judges concurred.