HOUSATONIC VALLEY INSURANCE AGENCY, INC. *v.* A. KLIPSTEIN.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued February 7—decided March 8, 1939.

*Herbert L. Emanuelson,* for the appellant (defendant.)

*Harry B. Bradbury,* for the appellee (plaintiff).

BROWN, J. The question determinative of this appeal is whether the subordinate facts support the court's essential conclusion that the plaintiff was "the

predominant efficient procuring cause in bringing this defendant and his purchaser together and causing the sale." In the assignments of error the defendant seeks to have added to the finding seventeen paragraphs, several of which are included in it in substance, and attacks twenty of the thirty-two paragraphs of the finding as having no evidence to support them. With a few exceptions, in his brief he does not state what particular paragraphs he is seeking to add to or have stricken from the finding, but argues the case largely upon the printed transcript of the evidence, relying to a considerable extent upon facts which he claims were proved but which in some instances he did not ask the trial court to add to the finding and which in other instances are contrary to the additions he did seek. This method of presenting his case is entirely at variance with proper procedure; the defendant should have assigned as error only those additions to or corrections in the finding which he proposed seriously to present for the consideration of this court, and he could properly use the evidence only for the purpose of procuring such additions and corrections. The effect of the evidence exhausted itself when it had been considered for that purpose and the question then presented would have been whether the conclusion of the trial court was one it could reasonably reach upon the finding as corrected. With some hesitance we have, however, reviewed the evidence to see if the defendant was entitled to any of the additions or corrections he seeks in his assignments of error.

The finding as amended by the only correction to which the defendant is entitled contains the following material facts: About November 5, 1935, the defendant listed his farm in Bridgewater for sale with Mrs. Titus, a real estate broker, upon a 5 per cent. commission, at a price of $34,000. Pursuant to the defendant's

authorization to obtain the assistance of other brokers in the sale, she listed it at this price with the plaintiff, a real estate dealer in New Milford. Leo Murphy, the plaintiff's vice-president, promptly took pictures of the farm and buildings, sent a set to Mrs. Titus, and from time to time showed the premises to prospective customers. May 16, 1937, a Miss Griffin and another, told Mr. Murphy that their friend Mr. Schauffler of New York had been looking for a farm combining certain specified qualities, and asked if he had such a place for sale. He stated that he had, described the defendant's farm, and took them to Bridgewater where he showed it to them from a distance. They were impressed and were enthusiastic over it as a place with the attributes their friend was interested to secure in any farm he purchased. Mr. Murphy gave Miss Griffin information as to the house and buildings and a set of the pictures he had taken, to be delivered to her friend. On May 18, 1937, in New York she telephoned Mr. Schauffler that she had "found just the place for him," and they met by appointment. She described the place, gave him the name and address of the plaintiff as the agency having the property for sale, and also the pictures with the plaintiff's name and address on the back of each. He became interested and quite enthusiastic over the information, and expressed surprise that this farm had not been called to his attention before. May 20, 1937, Miss Griffin wrote to Mr. Murphy what she had done, that Mr. Schauffler seemed very much interested, and that she believed he would try to get up to see the farm that week.

On the morning of that day, two days after his interview with Miss Griffin, Mr. Schauffler decided to go see the farm, and arrived at New Milford by train at 10.30 that forenoon. He there called upon Roland

F. Mygatt, a local banker and realtor, who was the friend of a mutual acquaintance. Mr. Mygatt sent Mr. Schauffler with Mr. Castle, an assistant in his real estate business, to see the defendant's farm, and other properties. This farm was visited about 11 a.m. and Mr. Schauffler became further interested in it. He had with him the pictures received from Miss Griffin, and told Mr. Castle that he had them, and that the farm had been called to his attention by another agency. Two days later he visited the property with his wife, and again a few days later with his son and son's family. All were very much interested in it.

On May 26, 1937, Mr. Murphy, not having seen Mr. Schauffler as he expected, learned from the caretaker at the defendant's farm of his having been there that day with Mr. Castle. That evening Mr. Murphy telephoned the defendant that Mr. Schauffler was his customer, and that though another broker might approach him in the matter, if a sale was made to Mr. Schauffler, he would claim the commission because he had been the procuring cause. The defendant stated that no sale had been made and that he would only recognize as entitled to the commission the agent who brought the customer onto the place and made the sale. The listing of the farm with the plaintiff had never been withdrawn. The relationship of broker and buyer between the plaintiff and Mr. Schauffler was never broken off, and though the latter and Mr. Mygatt's agency knew during their negotiations of the activities of the plaintiff in the matter, no opportunity was given it to contact the purchaser on his arrival in New Milford. On May 22, 1937, the defendant first listed the property with Mr. Mygatt for sale and at the price of $31,000. On May 28, 1937, the defendant executed an agreement with Mr. Schauffler whereby he was to sell and Mr. Schauffler

was to buy the farm for $31,000. Upon the signing of this agreement on that day the defendant paid Mr. Mygatt $1550 commission.

The defendant had listed his farm for sale with several other agents, and Mr. Schauffler in March and April, 1937, had received letters from three of them giving something of a description of this farm along with others, and one enclosing a picture of the house on the defendant's place. Two quoted $35,000 as the price, and the other $34,000. Mr. Schauffler read and filed these with some two hundred others concerning real estate and took no action regarding them. No agent had caused him to become interested in this farm as one he desired to purchase until the information and pictures received through Miss Griffin accomplished it to the extent that two days later he came to New Milford to see this particular farm. He had found nothing to satisfy his requirements until this farm was called to his attention by Miss Griffin. Subsequently he several times expressed his appreciation to her for having found this place for him which so amply suited his requirements.

These facts make clear that it was the efforts of the plaintiff as the defendant's authorized agent which first interested the purchaser in buying this farm. They further leave no doubt that the Mygatt agency had no part in the discovery of Mr. Schauffler as a potential buyer, but that his voluntary resort to it was an incident only of his attempt to satisfy the interest to buy this particular farm which had been aroused in him by the plaintiff. The controlling question for the court's determination therefore, was whether what the plaintiff did, or what was subsequently done by the Mygatt agency, was the efficient or effective procuring cause of the sale (*Rosenfield* v. *Wall*, 94 Conn. 418, 423, 109 Atl. 409) and its finding thereon "is to

be regarded as one of fact and conclusive, 'unless contrary to or unsupported by the subordinate facts, or in conflict with the settled rules of logic and reason, or found in violation of some rule or principle of law.' *Seward* v. *Seward & Son Co.,* 91 Conn. 190, 193, 99 Atl. 887." Idem, 420.

The defendant contends that three things done by the Mygatt agency were factors so essential to the consummation of the sale, that under this rule the court was bound to find that its conduct was the effective procuring cause of it, and that accordingly what the plaintiff had done could not and did not in fact constitute such cause. The agency's acts relied upon are, taking the buyer and members of his family to the farm and showing it to them, obtaining from the defendant a price of $31,000, and attending the closing of the sale at this figure. While patently these acts were incidents in the chain of circumstances eventuating in the sale of the property, we cannot say that the court was unwarranted in concluding that none of them nor all together constituted the effective procuring cause of it. That this is true of the mere showing of the farm, requires no argument, since the court could well have inferred that this was occasioned solely by the express request of Mr. Schauffler, consequent upon a desire to satisfy his interest in the place as one he might wish to purchase, already engendered by the plaintiff. Resort to the agency having been for the purpose of investigating the desirability of purchasing this particular farm, interest in which had been thus aroused, the inference was justified that by attending the closing of the sale it did not cause it. In the light of the other facts found, the same is true of its obtaining an asking price of $31,000 instead of the $34,000 quoted by the plaintiff. While it might be otherwise if it appeared that this reduction was a

result which the agency accomplished by its efforts, this is not found. The defendant had kept his farm listed for sale since 1935 without success. He had already lowered the price from $35,000 to $34,000, and still no sale had resulted. It is a reasonable inference upon the facts found, therefore, that having become convinced that a lower price was essential to disposing of it, upon the agency's inquiry he fixed it at $31,000 of his own accord. A reduction so made could not supplant the plaintiff's conduct as the procuring cause of the sale, and the fact that the plaintiff did not take part in the final closing of it is not of controlling importance. *Schlegal* v. *Allerton,* 65 Conn. 260, 264, 32 Atl. 363; *Fisher* v. *Hanson,* 99 Conn. 703, 707, 122 Atl. 906; *Hoadley* v. *Savings Bank of Danbury,* 71 Conn. 599, 608, 42 Atl. 667; *Lincoln* v. *McClatchie,* 36 Conn. 136, 142.

It is our conclusion that notwithstanding the subsequent participation by the Mygatt agency, the trial court was amply warranted in finding that the plaintiff's efforts carried over and through the former's negotiations and actions, and into the final outcome so potently and predominantly, as to entitle the plaintiff to be regarded as the procuring cause of the sale. *Murphy* v. *Linskey,* 94 Conn. 475, 479, 109 Atl. 412. Not only is the court's conclusion supported by the facts found, but our study of the evidence incident to the corrections claimed in the finding, fortifies the conviction that it provides the basis for a judgment which is in full accord with justice.

There is no error.

In this opinion the other judges concurred.