After a most careful consideration of *Page 95 
all the evidence, the court has concluded that what the plaintiff did was "the efficient or effective procuring cause of the sale" of the real estate in question by the defendants. HousatonicValley Insurance Agency, Inc. vs. Klipstein, 125 Conn. 274,278.
There is no question but that sometime prior to July 19, 1941, Mrs. Mazuro (who ultimately bought the real estate from DeFeo) was interested in buying the real estate directly from the defendants. The lady was "willing" to do so, but not "ready" and "able" to do so, financially speaking. It was the efforts of the plaintiff that made it possible for the defendants to "unload" their real estate for "cash."
It is to be noted that plaintiff's Exhibit A expressly states that the defendants, in the sale of the real estate to DeFeo, were "acting herein by their duly authorized agents, The Fair Haven Real Estate Loan Co." [bold type], which is the business name used by the plaintiff, and which agreement the defendants signed as did the plaintiff acting on behalf of said specified agent, which agent was himself personally.
The fact that the aforesaid agreement does not expressly state the commission to be received by the plaintiff is not fatal to the plaintiff's case. It was agreed by counsel that a five per cent commission is the prevailing commission in the community under ordinary circumstances. Apart from such an agreement by counsel, the evidence disclosed that a broker's commission of five per cent of the sales price prevails in this community.
Defendants' counsel has strenuously argued that in the absence of an express agreement de commission, the plaintiff fails in his case. The court, however, takes the position that principles of implied contract are necessarily involved on this aspect of the case, and should be deemed decisive. Certain language by our Supreme Court in Clark vs. Diefendorf,109 Conn. 507, 510, seems appropriate to the point under consideration: "Such an implied contract would arise if the [plaintiff] rendered services under an expectation that they were to be paid for, and if the [defendants] either intended to pay for them or they were rendered under such circumstances that [they] knew or as .... reasonable person[s] should have known that the [plaintiff] did expect payment."
The court finds: *Page 96 
1. That the plaintiff was "the efficient or effective procuring cause of the sale."
2. That the plaintiff had an "expectation" that his services would be paid for by the defendants on the basis of the usual and prevailing commission rate in the community, namely, five per cent of the sales price.
3. That the plaintiff's services were "rendered under such circumstances that [the defendants] knew or as .... reasonable person[s] should have known that the [plaintiff] did expect payment."
 Accordingly, judgment will enter for the plaintiff to recover of the defendants the sum of $173.75, being five per cent of $3,475, which was the price for which the real estate in question sold.