JOHN F. SULLO *v.* FRANK LUYSTERBORGHS ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued May 8—decided June 10, 1942.

*Lyman H. Steele,* for the appellants (defendants).

*Louis Feinmark,* for the appellee (plaintiff).

ELLS, J. The evidence produced at the trial was in sharp conflict. The court chose to believe the testimony offered in behalf of the plaintiff. The defendants seek corrections in the finding which would in effect substitute the defendants' version of what happened for the facts found by the court. Obviously we cannot do this. The finding, pared down to present the only real issue raised in the appeal, is as follows: The plaintiff conducts a real estate and loan business in New Haven. The defendants owned real estate located in that city. They listed it for sale, at a price of $3,500, with the Beazley Company, a real estate agency, and expected to pay a commission of 5 per cent on that price. The plaintiff went to the home of the defendants and conversed with the defendant wife. He told her that he was in the real estate business, gave her his business card, and said that he had heard the property was for sale and that he had somebody who might buy it if the defendants would let him take the prospective purchaser through the house. The defendant wife told him to "go ahead" and gave him the terms of the sale. He brought Donato DeFeo, the prospective customer, to the house, and with the permission of the defendant wife showed him the premises. Thereafter he induced DeFeo to agree to purchase the property provided the plaintiff could secure a slight reduction in price. DeFeo gave the plaintiff $50 to apply as a deposit on the purchase price. The plaintiff went to the house and conferred with both defendants, discussed the price with them and secured their agreement to sell for $3475. Considerations concerning the first mortgage then on the property were involved in the deal, and the plaintiff took the defendant husband to the bank holding the mortgage and to a conveyancer's office. The plaintiff drove him home, and there each of the defendants signed an agreement of sale.

Each of them knew that the plaintiff was designated therein as their agent, and that he signed the agreement as their agent. The plaintiff later went to the conveyancer's office and made arrangements for the completion of the sale. Thereafter the defendants, the plaintiff and DeFeo went to the same office for the purpose of effecting a transfer of the property. DeFeo was then ready, able and willing to complete the transaction upon the agreed terms, but a dispute arose as to whether the defendants were to pay a commission to the plaintiff, and the deal was not then consummated. Soon thereafter there was another conference at the office of the conveyancer, the sale was completed and the payment of the commission was held in abeyance.

In an action by a real estate broker against the owner and vendor of real estate to recover the reasonable value of his services, the plaintiff must prove, in the absence of any express contract, that "the defendant has so conducted that the plaintiff, acting fairly, had the honest belief that a lawful request had been made to him by the defendant to render services as a broker in the sale of the defendant's real estate, and if the plaintiff acting on such request rendered such services, then the law would imply a promise by the defendant to pay to the plaintiff what the services were reasonably worth. Or, if the plaintiff without having been requested so to do, rendered services as a broker in the sale of the defendant's real estate, under circumstances indicating that he expected to be paid therefor, and the defendant knowing such circumstances availed himself of the benefit of those services, then the law would imply a promise by the defendant to pay to the plaintiff what those services were reasonably worth." *Weinhouse* v. *Cronin*, 68 Conn. 250, 253, 36 Atl. 45. See also *Summa* v. *Dereskiawicz*, 82 Conn. 547, 74 Atl.

906, and *Canfield* v. *Sheketoff,* 104 Conn. 28, 132 Atl. 401. In *Cassidy* v. *Congdon,* 121 Conn. 68, 183 Atl. 1, we said (p. 69) that where there was no antecedent employment of the plaintiff his right to recover must rest upon the rendition of services by him in procuring the sale of the property under the expectation that the defendants would compensate him for them and the acceptance by them of the benefit of those services knowing that he had this expectation. We cited the cases above referred to. The knowledge "that he had this expectation" is such knowledge as the defendants actually had or as reasonable persons should have had.

The trial court found that the plaintiff had an expectation that his services would be paid for by the defendants and that they were rendered under such circumstances that the defendants knew, or as reasonable persons should have known, that the plaintiff did in fact expect payment. This is reasonably supported by the finding of subordinate facts. We cannot say that the inferences which the trial court drew from these facts are illogical or illegal.

The defendants' real claim seems to be that the plaintiff did not produce a bona fide customer, but merely an intermediary who purchased the property solely for the purpose of conveying title to a customer who was not produced by the plaintiff and to whom the premises were later conveyed by DeFeo. This was an issue of fact which the trial court decided against the defendants, upon sufficient supporting testimony. The further claim is that the plaintiff was acting merely as an agent for the buyer to secure a loan, and not for the defendants as a broker for the sale of the property. The same answer applies.

There is no error.

In this opinion the other judges concurred.