HARRY CRAMER ET ALS. *v.* KOLODNEY & MEYERS, INC., ET AL.

MALTBIE, C. J., JENNINGS, ELLS, DICKENSON and INGLIS, Js.

Argued October 7—decided December 14, 1942.

*Samuel H. Platcow,* for the appellants (defendants).

*Maurice Poch,* with whom was *Milton D. Newman,* for the appellees (plaintiffs).

ELLS, J. The town of Winchendon owned an idle factory building and appointed an industrial committee for the purpose of attracting a new industry to occupy the plant and to employ people who formerly worked there and were on the relief rolls of the town. One of the plaintiffs was engaged in the business of locating such factories, and the three plaintiffs joined together for the purpose of obtaining a desirable tenant for the town of Winchendon. The trial court found that the plaintiff Kantrowitz interested R. Kolodney, president of the defendant corporations, in the possibility of acquiring a lease for a nominal figure and told him that the town would pay at least $5000 as an inducement to establish an industry there and that if negotiations resulted in securing a lease the plaintiffs would want $3000 for their services; that Kolodney told Kantrowitz that he would take it up with his board of directors and would call him the next day; and that within a few days Kolodney told Kantrowitz that he had taken up the matter with his board of directors and that, if the proposition to acquire the property in question was accepted, he, Kan-

trowitz, would receive a check for $3000. Soon thereafter the plaintiff Cramer told Kolodney that his companies could rent the factory in question at an annual rental of about $100 a year, that the people of the town might be able to raise $7500 in addition to the attractive terms of the lease and that he and his partners wanted $3000 for their work. Kolodney replied that his companies would pay the $3000, if the lease was negotiated, and that the plaintiffs did not have to worry about their pay. Kolodney then asked if it would be possible to get more than $7500 and Cramer replied that if the companies' ratings were as good as Kolodney claimed it was possible that the town might raise an additional $2500. The plaintiffs introduced Kolodney to the industrial committee and to the property and performed very substantial services, and the defendant Kolodney & Meyers, Inc., leased the property for three years at an annual rental of $100 a year and occupied it. They also received approximately $10,000, which had been raised by a committee of citizens of the town. No correction can be made in this finding which would affect the result reached by the trial court.

The defendants claim that there is no evidence to support the finding that Kolodney, when he told Kantrowitz that he would take up the proposition with the directors, and when he said he had done so, knew the proposition included payment of $3000 for the plaintiffs' services, and they therefore claim that the directors did not know it, and that in any event the proposition was one for a gift and not a lease of the property. The evidence was conflicting, but there is enough reasonably to support the court's finding. It is true that the only direct testimony as to what was actually brought before the board of directors was that of Kolodney himself to the effect that the only

proposition he brought before them coming from the plaintiffs was for a gift and not a lease of the property. The trial court was justified in finding otherwise. "As a general rule, what the directors know regarding matters affecting its [the corporation's] interests, the corporation knows. . . . The knowledge of the directors may often be inferred from circumstances." *Toll Bridge Co.* v. *Betsworth,* 30 Conn. 380, 391.

In any event, the court concluded, upon sufficient evidence, that the directors were informed that the plaintiffs would want $3000 for their services in bringing the property to Kolodney's attention. A statement made among the conclusions of the court, if it is based in part directly upon the evidence, is reviewable upon the basis of the evidence and not as a conclusion. *Calkins* v. *Liggett Drug Co., Inc.,* 124 Conn. 14, 17, 197 Atl. 693, Conn. App. Proc., p. 128, note 17. The plaintiffs were acting as brokers and if, therefore, the defendants, as a result of their own negotiations, secured a lease in place of a gift, that would not impair the right of the plaintiffs to recover. *Elkin* v. *McGeorge,* 103 Conn. 486, 490, 130 Atl. 898; *DeToro* v. *Cannata,* 114 Conn. 712, 713, 157 Atl. 270. The plaintiffs were the procuring cause of the acquisition by the defendants of the property which they secured by their lease. The latter took the lease with knowledge that it was the result of the services rendered by the plaintiffs, and even if they were misinformed as to the proposition offered by the plaintiffs this does not alter the fact that they accepted the benefit of the latter's services.

It is significant that in the finding and in the evidence, certified by the defendants, it appears that when Kolodney found that his companies were going through with the deal, and before they did so, he offered, in behalf of his companies, $1000 to one of

the plaintiffs provided he signed certain releases, which he refused to do, saying he and his associates were entitled to $3000.

There are many minor claims made by the defendants which we do not find it necessary to discuss. There are two which require brief consideration. One is that the court erred in allowing the plaintiffs to withdraw a second count based upon quantum meruit, after the plaintiffs had put in their case. The action of the trial court was a matter within its discretion. There is nothing in the finding as to the circumstances under which the ruling was made and therefore there is no basis upon which we may review it. The defendants claim they were deprived of the advantage of the allegations of the count that was withdrawn. Its withdrawal did not prevent them from taking advantage of its allegations as in the nature of admissions by the plaintiffs. *Loomis* v. *Norman Printers Supply Co.*, 81 Conn. 343, 350, 71 Atl. 358; *Ford Co.* v. *Dudley*, 104 Conn. 519, 525, 133 Atl. 746.

There is no error.

In this opinion the other judges concurred.