The following facts are found:
1. In the summer of 1940 the defendant Falcone asked plaintiff if he would make an effort to secure a purchaser for the "Colonial House" property at No. 2389 Dixwell Avenue, Hamden; plaintiff said he would.
2. Plaintiff was led to believe that the defendant Falcone was the owner of the property; in point of fact the owner was the defendant Formichella, niece of the defendant Falcone.
3. Subsequently the plaintiff interested one Piccirillo in the property and was instrumental in bringing Piccirillo and the defendant Falcone together for a discussion.
4. During the pending negotiations between Piccirillo and the defendant Falcone, the latter frequently telephoned the plaintiff to "hasten matters along."
5. Delays followed, primarily because it developed that the owner of the property was the defendant Formichella and *Page 134 
not the defendant Falcone; that in point of fact, Falcone was the agent of Formichella respecting the management of the property in question and the securing of a buyer.
6. The defendant Formichella knew that her uncle, the defendant Falcone, was negotiating a sale to Piccirillo, and knew that it was the plaintiff who brought her uncle and the prospective purchaser "together."
7. The defendant Formichella ratified any and all acts of the defendant Falcone respecting the plaintiff and his status as broker, and became a disclosed principal prior to August 20, 1942, when it was finally agreed in writing that Piccirillo would buy the property for $9,000 and the defendant Formichella would sell to him at that figure.
8. On September 3, 1942, the transaction was scheduled to go through the office of Clark, Hall Peck, a conveyancing firm, but failed of consummation because of a detected encumbrance; Piccirillo was ready, able and willing to buy but for the aforesaid encumbrance, and the transaction failed because title to the property was not marketable.
9. Plaintiff, notwithstanding that the defendant Falcone did not cause any mention of his name to appear on the written sales agreement of August 20, 1942, was the efficient or effective procuring cause of the agreement to buy and sell the "Colonial House" property; the ultimate failure of the transaction was apart from anything for which the plaintiff or the contractual buyer was responsible.
10. In the absence of an express agreement to the contrary, the usual and prevailing broker's commission in the communityde real estate sales up to $25,000 is 5% of the sales price. (Testimony of Mr. Wade.)
11. Plaintiff had an expectation that his services would be paid for procuring a ready, able and willing buyer (Piccirillo) who had himself satisfied the conditions of the sale contract ($9,000), on the basis of the usual and prevailing commission rate in the community, namely, 5%.
12. The defendants knew, or should have known, that plaintiff would and did expect payment at the prevailing rate for his efforts in securing a ready, able and willing buyer who was prepared to meet the conditions of his contract.
The following conclusions have been reached: *Page 135 
13. Plaintiff is entitled to an award of $450 (5% of $9,000) plus interest to date amounting to $22.12, totaling in all $472.12.
14. Since the defendant Falcone was in fact acting for and on behalf of the defendant Formichella, and the latter became a disclosed principal prior to the execution of the sales agreement of August 20, 1942, plaintiff is entitled only to an award against the defendant Formichella. See 12 C.J.S. Brokers
§ 142, p. 351.
15. Judgment will enter for the plaintiff to recover of the defendant Formichella damages in the amount of $472.12, and in favor of the defendant Falcone.
Comment:
The above finding is not intended to comprise the entire finding in the event of an appeal; it is herein contained to outline to counsel what the court considers as the material aspects of the case.
It has been noted in the finding herein contained that the title to the property in question was not a marketable title on the date scheduled for transfer. This aspect does not militate against the position and claims of the plaintiff de his right to a commission. See 8 Am. Jur. Brokers § 185, p. 1098; 12C.J.S. Brokers § 95(4), pp. 225-226.
As to the general subject matter of the case reference is made to the case of Housatonic Valley Insurance Agency, Inc.vs. Klipstein, 125 Conn. 274, 278; and to the recent case ofSullo vs. Luysterborghs, 129 id. 172, 174.*
 Further discussion is unnecessary. Judgment will enter pursuant to the conclusions reached in paragraphs 13, 14 and 15 of the finding,