In the action the plaintiff seeks to recover a commission alleged to be due her for effecting the sale of certain real estate. The defendants are three in number. The complaint as drawn is in two counts. The defendants Yaknunas address a demurrer to the first count on the ground that there appears to be no privity of contract between them and the plaintiff or any promise by them to the plaintiff; and to the second count on the ground that it does not appear that the plaintiff was a party to any agreement between them and the defendant Hurowitz and any contractual obligation assumed by them is owing to the defendant Hurowitz and not to the plaintiff.
The allegations of the first count may be reduced to the following recital: Plaintiff is engaged in the real estate business; in May, 1943, defendant Esther Hurowitz owned a piece of real estate and engaged plaintiff to obtain a customer; later that month plaintiff introduced defendant Charles Yaknunas to defendant Hurowitz and the three viewed the property; on February 28, 1944, defendant Hurowitz sold the property to defendants Yaknunas (brothers); plaintiff was the procuring cause of the sale and entitled to a reasonable commission in the amount of $725; defendants have refused to pay the commission due plaintiff.
Ruling: The demurrer to the first count is well taken. *Page 143 
The allegations are to the effect that the defendant Hurowitz engaged the plaintiff to secure a purchaser for the property which she did in the person of the defendant Charles Yaknunas who later, with his brother Ignas, bought the property. As against the defendant Hurowitz the plaintiff alleges sufficient facts to test for trial purposes the vital aspect of "the efficient or effective procuring cause of the sale" (HousatonicValley Insurance Agency, Inc. vs. Klipstein, 125 Conn. 274,278) but alleges nothing to indicate an obligation, contractual or otherwise, owing to her by the defendants Yaknunas.
The allegations of the second count, in addition to the aforesaid abbreviated statement respecting the first count, may be reduced to the following recital: On February, 28, 1944, defendants executed a bond for deed de sale of property in question; a provision therein reads: "It is further agreed that if any agent shall claim commission, that the purchasers (defendants Yaknunas) shall be responsible for such commission, and not the seller (defendant Hurowitz); on March 15, 1944, defendant Hurowitz conveyed title to defendants Yaknunas; defendants Yaknunas are obligated to pay plaintiff her commission.
Ruling: The demurrer to the second count is not well taken.
It is the settled law in this State that a third party for whose benefit a provision has been inserted in a contract may sue thereon. See, generally, Baurer vs. Devenis, 92 Conn. 203; and Byram Lumber Supply Co. vs. Page, 109 id. 256, 259et seq.
Obviously the provision in question was inserted for the "exclusive benefit" (Levy vs. Daniels' U-Drive Auto RentingCo., Inc., 108 Conn. 333, 338) of one such as the plaintiff who may be found entitled to a commission from the defendant Hurowitz as promisee. See Restatement, Contracts, § 136, comment, pp. 162-163.
The fact that the plaintiff is not identified by name in the provision is of no moment. Byram Lumber Supply Co. vs.Page, supra, p. 261; Restatement, Contracts, § 139. The further fact that a single sentence in an earlier portion of the bond reads: "It is agreed by all parties (defendants) that no agent is involved", is also of no moment. The previously quoted provision of responsibility of the defendants Yaknunas for commission can only mean that they, by virtue of agreement with the defendant Hurowitz, assume the obligation of payment *Page 144 
thereof to one to whom such commission may be found due from the defendant Hurowitz. The second count withstands the thrust of the demurrer. It is not the function of the court to rewrite a contract but to interpret its legal significance.
 For reasons stated the demurrer of the defendants Yaknunas addressed to the first count of the complaint is sustained; and overruled as to the second count.