OTTO H. JENSEN *v.* G. COZZOLINO

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 9—decided June 4, 1947

*William J. Secor, Jr.,* with whom, on the brief, were *J. Warren Upson* and *Joseph A. Hackett,* for the appellant (defendant).

*Henry C. Campbell,* with whom, on the brief, was *David N. Torrance,* for the appellee (plaintiff).

JENNINGS, J.   The plaintiff sued for the return of a $500 deposit on a 1941 Buick car and had judgment. The appeal of the defendant depends primarily on his ability to secure a correction of the finding.   He also claims that the subordinate facts do not support the conclusions reached.

The finding, with such corrections as are justified, may be summarized for the purposes of this appeal, as follows:   After preliminary negotiations and a period of trial of the car for some weeks, the plaintiff returned it to the defendant and told him that if certain repairs and corrections were made he would purchase the automobile for the price asked, $1350. On November 27, 1944, the defendant told the plaintiff that the corrections and repairs had been made and, relying on this representation, the plaintiff took the automobile and made a down payment of $500.   The plaintiff registered the car in his name because, in the year 1944, only the registered owner of an automobile could apply for a ration card for gasoline.   The plaintiff found that the repairs had not been made, drove the car back to the defendant's garage and requested that he make them as agreed. The defendant refused to make them and suggested that the plaintiff have them made at the defendant's expense, but the plaintiff refused to do this.   There-

upon the plaintiff turned the automobile over to the defendant, advised him that he did not want it under any circumstances and requested the return of his $500. The defendant told the plaintiff he would allow him to use the car until he could get another and that he could then return it and get his $500. The car was finally returned December 17, 1944. The defendant thereupon affixed his own business markers, used it for his own purposes and has not since offered the automobile to the plaintiff properly repaired. The trial court concluded, in effect, that the plaintiff offered to buy the car from the defendant subject to a condition precedent that the defendant would make certain repairs, that the defendant failed to make the repairs and that this failure justified the plaintiff in refusing to complete the deal. The references in the finding to an added condition that this was a sale on satisfaction are omitted because they are findings of fact erroneously included among the conclusions and are not supported by the evidence. *Cramer* v. *Kolodney & Meyers, Inc.*, 129 Conn. 468, 471, 29 A.2d 579; Conn. App. Proc., p. 128, note 17.

Sales on condition are governed by General Statutes, § 4631. This provides that breach of the condition by one party gives the other party the option of refusing to proceed with the sale or of waiving the performance of the condition. The plaintiff refused to proceed. The finding that he kept the car with the defendant's express consent after notifying him that he refused to purchase it negatives any possible claim that the plaintiff waived the performance of the condition by keeping the car for the short period involved. The added facts that the defendant accepted the car, used it as his own and did not again

offer it, repaired, to the plaintiff conclusively show that any thought of completing the sale was abandoned. It follows that the judgment is correct.

There is no error.

In this opinion the other judges concurred.