RUDOLPH J. CARLONA v.
PROGRESSIVE SCHOOL OF PHOTOGRAPHY, INC.

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE NO. 42508

Memorandum filed November 27, 1951.

*Joseph T. Anquillare,* of New Haven, for the Plaintiff.

*Harry Sohcot,* of New Haven, for the Defendant.

FITZGERALD, J. In this action the plaintiff seeks to re-cover of the defendant the sum of $222 for material furnished and services rendered in the installation of a chain link fence at the rear of the latter's property on Sherman Avenue, New. Haven. The complaint is in two counts. The first count is based on an alleged express contract relating to the undertaking, and the second (labeled Bill of Particulars) on an implied contract. For answer, the defendant has denied the allegations of the complaint and, by way of special defense, pleads the following: Its contract for the installation of the fence was with one Philip Chernoff in April, 1948, in the agreed amount of $198; the fence was installed by Chernoff and/or the latter's agents or subcontractors; on July 9, 1948, Chernoff was paid by it the agreed amount; it entered into no contract with the plaintiff and did not employ him to perform the work.

The evidence abundantly supports a finding that the plaintiff and the defendant never entered into an express contract relating to the installation of the fence. Such contract was solely between the defendant and Chernoff. Hence the plaintiff's case fails as to the first count of his complaint.

It now remains to be considered whether the plaintiff can prevail on any theory of implied contract under the second count of his complaint. The rule which obtains in this state is that an implied contract to pay for services arises if one, without being requested to do so, renders services under circumstances indicating that he expects to be paid therefore, and another, knowing such circumstances, avails himself of the benefit of those services. *Collins* v. *Lewis*, 111 Conn. 299, 304, and cases cited; see *Merwin* v. *Beardsley*, 134 Conn. 212, 216; *Gustave Fischer Co.* v. *Morrison*, 137 Conn. 399, 403. "In such a case, the law implies from the circumstances, a promise by the defendant to pay the plaintiff what those services are reasonably worth." *Collins* v. *Lewis*, supra.

The attending circumstances are briefly these: The defendant requested Chernoff, who is in the business of installing fences, to give an estimate for the undertaking. His estimate was $198 in writing, which was accepted. Chernoff does not himself install fences of the kind in question. This was not known to the defendant. Chernoff brought the plaintiff upon the premises, explained to him what was to be done, and asked the plaintiff to give him a price for the undertaking. The plaintiff quoted $196. Chernoff told him to proceed. A few days later, while the plaintiff was digging holes for poles to support the fence, the custodian of the defendant's properties came upon the scene and asked the plaintiff to change a location for one of the poles. The plaintiff replied, "That will cost extra." There was no response. After the undertaking was completed the plaintiff billed the defendant in the amount of $222. Nevertheless, on July 9, 1948, the defendant paid Chernoff the sum of $198 pursuant to its agreement with him. After receiving payment, Chernoff offered the plaintiff a lesser amount than the latter had agreed with him to do the work. The amount represented a commission in Chernoff's favor. This overture was not acceptable to the plaintiff.

The foregoing recital does not disclose that during the time the plaintiff was installing the fence the defendant knew or had reason to know that the plaintiff was expecting it to pay

him for the undertaking. The defendant already had an agreement with Chernoff in a stipulated amount. That its bookkeeper at a later date may have been lacking in prudence in issuing a check to Chernoff in the face of one or more bills submitted by the plaintiff does not, in the court's opinion, advantage the plaintiff in his claim of the existence of an implied contract. The question at most is one of fact; Merwin v. Beardsley, supra; Sullo v. Luysterborghs, 129 Conn. 172, 175; and as such is decided adversely to the plaintiff. "A promise will not be inferred where there are facts wholly inconsistent with the contract to be implied." 12 Am. Jur. 500, § 5.

In his brief the plaintiff urges that he is entitled in any event to a recovery under the second count on the theory of quasi contract predicated upon unjust enrichment. The count is not drafted to support this claim, and the evidence offered was not in support of this theory of recovery. But that apart, the subordinate facts of the case would not support this claim if it were to be considered.

Judgment is required to be entered for the defendant on both counts of the complaint.