HARRIET A. METZ *v.* THE HVASS CONSTRUCTION COMPANY, INC.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued October 1—decided October 15, 1957

*Walter A. Hayes,* for the appellant (defendant).

*John Keogh, Jr.,* with whom, on the brief, was *William L. Tierney, Jr.,* for the appellee (plaintiff).

BALDWIN, J. The plaintiff had a judgment to recover a real estate broker's commission and the defendant has appealed.

"A broker earns his commission in a real estate transaction when he procures a customer who is ready, willing and able to purchase upon terms prescribed or accepted by the seller." *Thomas F. Rogers, Inc.* v. *Hochberg,* 143 Conn. 22, 24, 118 A.2d 910. The issue upon the trial of the case at bar was whether the plaintiff had procured the customer who purchased a parcel of land from the defendant and contracted with the defendant for the erection of a house upon it. This was essentially an issue of fact, and the trier's conclusion must stand unless it is contrary to or unsupported by the subordinate facts, or is in conflict with logic and reason, or is found in violation of some rule of law. *Kane* v. *Brunneau,* 141 Conn. 242, 246, 105 A.2d 187.

The necessary facts may be stated in summary as follows: The plaintiff was a real estate broker in Greenwich. She lived in the same apartment house as the Gordons, whom she knew as neighbors. Mrs. Gordon told the plaintiff, whom she knew to be a real estate agent, what the expiration date of her lease was and that she was looking for a house. The defendant owned a real estate development called "Perryridge Knolls." The Gordons bought a lot in this development for $4000 and entered into an agreement with the defendant for the construction of a $20,000 house. These findings are not challenged.

The court found further: Previous to the sale of the lot and the construction of the house, the plaintiff had talked with Baldwin Hvass, president of the defendant, who had invited her to bring prospective customers to the development. She had taken customers there and had met and talked with Hvass

and his representative, Robert Nichol. On July 9, 1953, she brought Mrs. Gordon to the development, where they met Hvass and Nichol. The plaintiff told Hvass that she was an agent and had brought Mrs. Gordon as a prospective customer. Nichol on that occasion showed Mrs. Gordon lots and several houses under construction, displayed plans, quoted prices, and advised her that the defendant would erect a house to meet the Gordons' requirements. The defendant has excepted to these findings and has assigned error in the court's refusal to correct them.

The trier is the arbiter of the credibility of witnesses and the weight to be given their testimony. *Ball* v. *Branford,* 142 Conn. 13, 15, 110 A.2d 459. The appendix filed with the plaintiff's brief contains evidence which supports the findings made. It is true that the defendant did not specifically employ the plaintiff, as, for example, by listing its property with her for sale, and that she had no part in the negotiations between the Gordons and the defendant subsequent to the date when she took Mrs. Gordon to the development. Nevertheless, the defendant, having been told that the plaintiff was an agent, did avail itself of her services in that it sold a lot to the Gordons and entered into a contract for the construction of a house which was actually built on the lot. When the services of a real estate agent, known to be such by the vendor, are rendered under circumstances indicating that the agent expects to be compensated therefor, and the vendor, knowing the circumstances, avails himself of the benefit of those services, the law implies a promise by the vendor to pay for them. *Sullo* v. *Luysterborghs,* 129 Conn. 172, 174, 26 A.2d 784; *Cassidy* v. *Congdon,* 121 Conn. 68, 70, 183 A. 1; see *Housatonic Valley Ins. Agency, Inc.* v. *Klipstein,* 125 Conn. 274, 280,

538

5 A.2d 16; *DeToro* v. *Cannata,* 114 Conn. 712, 713, 157 A. 270. This rule, applied to the facts found, makes the court's conclusion that the plaintiff procured the purchasers of the defendant's house and land a proper one.

The claim that the plaintiff, at most, would be entitled only to a commission on the sale of the lot is without merit. The court has properly found that the defendant was only willing to sell land in "Perryridge Knolls" on condition that it erect a house on the land, and that on July 9, 1953, it advised the Gordons that it would, as it ultimately did, erect a house for them on one of its lots in accordance with their requirements. The findings made and the conclusions reached do not violate the rule stated in *Kane* v. *Brunneau,* 141 Conn. 242, 246, 105 A.2d 187, and hereinbefore set forth.

Two rulings on evidence are challenged. The findings concerning them do not comply with the rule. Practice Book § 405. For this reason we are unable to determine, in the case of the first ruling questioned, whether the testimony objected to was inadmissible, and in the case of the second ruling, whether it was harmful. Maltbie, Conn. App. Proc. (2d Ed.) p. 182.

There is no error.

In this opinion the other judges concurred.