THE GUSTAVE FISCHER COMPANY *v.* EDWARD MORRISON

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 15, 1950—decided January 9, 1951

*Abraham A. M. Schweitzer*, with whom was *John W. Joy*, for the appellant (plaintiff).

*Louis F. Hanrahan*, for the appellee (defendant).

BROWN, C. J. The plaintiff sued on the common counts, supplemented by a bill of particulars, to recover a balance of $672.95 due for photographic supplies shipped to the defendant. The answer of the defendant consists of a general denial and a special defense which alleges that the plaintiff shipped him supplies in excess of the limitation and without the signed order specifically prescribed in a letter which had been sent by him to it. The court sustained the special defense and rendered judgment for the defendant. The plaintiff has appealed.

The principal facts material to our decision which are disclosed by the finding as corrected may be thus summarized: The defendant is the owner of a photographic business in Bristol known as the Whitney Studio. James J. Pappas was manager of it from May 19, 1948, to November 20, 1948. He was in general charge of the business and one of his duties was to order supplies. The defendant did not personally conduct the studio but ran a jewelry store at a different address. On May 18, he opened a running account with the

plaintiff for the purchase of photographic supplies to be sent to the studio, and from then until August 27 Pappas, as manager, ordered goods from the plaintiff for the defendant by telephone and by letter. These goods were delivered, accepted and paid for. On August 27, the defendant sent a letter signed "A. T. Gorski" to the plaintiff, stating that "all purchase orders are to be signed by 'A. T. Gorski'" and that "billing covering only written orders will be paid." Inclosed in this letter was a check of the Whitney Photographic Studio on account. Within the printed designation thereon, "By————— Authorized Signature" of the drawer, there appeared in writing "A. T. Gorski." This check was cashed by the plaintiff. It continued to deliver merchandise to the studio without actual knowledge thereof on the part of the defendant. All of the merchandise delivered after August 27 was ordered by Pappas as manager, and none of the orders was signed by A. T. Gorski. The defendant has paid for all of the items due on the account up to August 30. Between September 1 and November 5, goods to the value of $672.95 were ordered by Pappas, as manager, in the name of the defendant. For the goods delivered during this period the defendant has paid nothing. While the running account was open, Pappas was himself the owner of a photographic studio, and certain goods of the nature of those delivered by the plaintiff to the Whitney Studio were taken by Pappas to his own studio. The court concluded that the letter which was sent to the plaintiff on August 27 constituted an effective limitation upon the liability of the defendant to it and that he is not liable to it for any merchandise sent after September 1, even though the merchandise was not returned and no offer was made to return it. Whether the court erred in this conclusion is the question determinative of the appeal.

While Pappas had general authority as manager of the defendant's studio, liability of the defendant on the basis of a sale of the goods depends upon whether the limitation of authority stated in the August 27 letter precludes it. "It is a familiar and acknowledged principle of the law of agency that a principal may limit the powers of his agent, and that all parties who deal with the agent with knowledge of the limitation are bound by its terms." *Modern Woodmen of America* v. *Tevis,* 117 F. 369, 372, 54 C. C. A. 293. As the court further held in that case (p. 375), when a principal does so limit his agent's authority, "the agent cannot bind his principal beyond the limits of his authority by contract, estoppel, or waiver, to those who know the limitations of his power." The following authorities make clear that a limitation by the principal of the agent's authority, communicated to a third party, is effective to excuse the principal from liability to that third party for acts by the agent in excess of the limit prescribed. *Quinlan* v. *Providence Washington Ins. Co.,* 133 N. Y. 356, 364, 31 N. E. 31; *Slocum* v. *New York Life Ins. Co.,* 228 U. S. 364, 374, 33 S. Ct. 523, 57 L. Ed. 879; *American Lumber Sales Co.* v. *Fidelity Trust Co.,* 127 Me. 65, 70, 141 A. 102; *Home Owners' Loan Corporation* v. *Thornburgh,* 187 Okla. 699, 701, 106 P. 2d 511; 1 Mechem, Agency (2d Ed.) § 753; Restatement, 1 Agency, § 27, comment b, § 144, comment f, § 136 (1) (a); 2 Am. Jur. 80, § 99; 2 C. J. S. 1188; see *Coughlin* v. *Knights of Columbus,* 79 Conn. 218, 227, 64 A. 223; *Ladd* v. *Franklin,* 37 Conn. 53, 62. The rule was applied in an action to recover for goods sold to the defendant's agent in disregard of the limitation communicated to the plaintiff in *Thrall* v. *Wilson,* 17 Pa. Super. 376, 381.

The application of this principle to the facts of the instant case is conclusive that the defendant is not

liable in a cause of action stemming from contract. The plaintiff claims, however, that the definition of "acceptance" contained in the Sales Act requires a contrary conclusion. Section 6663 of the General Statutes as a part of that act provides: "The buyer is deemed to have accepted the goods . . . when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them." While the finding does not expressly state that the goods were retained, the court's conclusion, suggesting as it does that the defendant neither returned nor offered to return them, and the facts found, indicate that they were not returned and that no offer was made to return them. This appears to be undisputed. The retention of the goods under the circumstances of this case, however, cannot give rise to liability under the Sales Act, because the defendant's letter of limitation precludes any liability predicated upon contract, which is the essential basis of a sale. The essential meeting of the minds was impossible, and the inference which would ordinarily be drawn from failure to return the goods is lacking. See *Schutz* v. *Jordan*, 141 U. S. 213, 220, 11 S. Ct. 906, 35 L. Ed. 705.

Neither can the plaintiff recover in quantum meruit on the ground of an implied contract. " 'All true contracts grow out of the intentions of the parties to the transactions, and are dictated . . . by their mutual and accordant wills.' " *Bartlett* v. *Raidart*, 107 Conn. 691, 694, 142 A. 398, quoting from *Hertzog* v. *Hertzog*, 29 Pa. 465, 467. When a contract is not expressed in words but is inferred or implied from the circumstances, it is called an implied contract. *Bartlett* v. *Raidart*, supra. "A true 'implied contract' . . . is one which may be inferred from the conduct of the parties, though not expressed in words." *Weinhouse* v. *Cronin*, 68 Conn. 250, 253, 36 A. 45; *Collins* v. *Lewis*, 111 Conn.

299, 304, 149 A. 668. In view of the defendant's intent as expressed in the letter of limitation and of the absence of any actual knowledge by him of the receipt of the merchandise, there was no implied contract. The only remaining possible ground of recovery is in quasi contract predicated upon unjust enrichment. This cannot avail the plaintiff, however, for there is no claim for a recovery on that ground or basis therefor in the pleadings. *Frosch* v. *Sears, Roebuck & Co.*, 124 Conn. 300, 302, 199 A. 646. Furthermore, it is not only unsupported by the finding but is not the theory upon which the case was tried. A party who elects to try his case upon a certain theory cannot upon appeal seek relief upon another. Conn. App. Proc. § 22, p. 33, § 44; Practice Book §§ 157, 363; *Federal Finance Co.* v. *Forman Properties, Inc.*, 135 Conn. 153, 158, 62 A. 2d 516; *Malone* v. *Santora*, 135 Conn. 286, 293, 64 A. 2d 51.

There is no error.

In this opinion the other judges concurred.