WILLIAM B. LEVINE *v.* CITY OF STAMFORD

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued December 7, 1977—decision released February 7, 1978

*Albert L. Coles,* with whom was *Matthew A. Coles,* for the appellant (plaintiff).

*Robert M. Wechsler,* with whom was *Elaine T. Silver,* for the appellee (defendant).

PER CURIAM. In March, 1973, the defendant city acquired by condemnation title to a 9.7339-acre piece of land in Stamford, negotiations to purchase it from the plaintiff having been unsuccessful. The plaintiff had acquired the land in 1968 for $160,000. It was then zoned in an R-20 district for single-family residences with a minimum lot size of 20,000 square feet and since 1953 had been designated on the Stamford master plan as "Public and Semi-Public" use. The certificate of taking stated the fair compensation to be paid for the property to be $276,000 and the plaintiff appealed from this assessment, claiming to be aggrieved because that amount was inadequate. The appeal was heard by three state referees who, sitting as a committee, concluded that the plaintiff had failed to prove that the amount

of compensation was inadequate and dismissed the appeal. From that judgment the plaintiff appealed to this court.

The record discloses that at the trial the plaintiff based his claim of inadequacy of compensation on the theory that there was a reasonable probability that the property would be rezoned from an R-20 zone to a design commercial zone and that because of that probability, under the rule enunciated in *Budney* v. *Ives,* 156 Conn. 83, 239 A.2d 482, the assessment of damages contained in the statement of compensation was inadequate. Because of the theory on which the plaintiff's appeal was presented, he introduced no evidence whatsoever as to the value of the condemned property in the event that such a reasonable probability of a zone change did not in fact exist. The committee concluded that not only did the plaintiff fail to sustain his burden of proof that there existed a reasonable probability of a zone change in the reasonably near future but that he had offered no credible evidence to support the claim. It also concluded that the plaintiff, having offered no evidence as to the value of the property as it was zoned at the time of the taking, had failed to sustain his burden of proof that the statement of compensation was inadequate. It, accordingly, dismissed the plaintiff's appeal.

The existence of a reasonable probability of a zone change is a question of fact for the trier. *Rushchak* v. *West Haven,* 167 Conn. 564, 571, 356 A.2d 104; *Lynch* v. *West Hartford,* 167 Conn. 67, 74, 355 A.2d 42. The plaintiff failed to prove the existence of such a probability in the future and offered no evidence as to the present value of the property. On that record, we find no error in the findings and conclusions of the committee.

On the appeal to this court, new counsel has presented every conceivable argument that might support the plaintiff's efforts to have the case remanded for a new trial at which, presumably, the case would be tried on a different theory or attempts would be made to supply the obvious deficiencies in the plaintiff's evidence. The effort is to no avail. "A party who elects to try his case upon a certain theory cannot upon appeal seek relief upon another." *Fischer Co.* v. *Morrison,* 137 Conn. 399, 404, 78 A.2d 242; see *Silverman* v. *St. Joseph's Hospital,* 168 Conn. 160, 176–77, 363 A.2d 22.

There is no error.