[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Jerome Dlugos, a building contractor brings this application to obtain an attachment against the defendants, Ronald and Kim Jones. In 1997 the plaintiff built a home for the CT Page 4156 defendants. He was paid less than the amount to which he claims he is entitled. Therefore, he seeks to bring an action against the defendants alleging breach of contract and a claim for equitable relief, quantum meruit. To the plaintiff's claims, the defendants assert the defenses of fraudulent misrepresentation, fraudulent inducement and breach of contract. The matter before this court is an application for a prejudgment remedy.
I. FACTUAL BACKGROUND
Pertinent to determining this matter are the following facts and claims. The plaintiff wrote a letter to the defendants in which he indicated that he "propose[d] to provide labor and materials to build house and garage . . . for the sum of $130,000.00." Defendants' Exhibit E. Subsequently, he wrote another letter requesting an additional $5,000 "due to moving location of house which requires longer electrical service, trenches, water trenches, etc." Defendants' Exhibit F. The plaintiff claims that he wrote both of these letters merely because the defendants required written proof that they intended to use the loan proceeds for the purchase of a house to provide to the bank. He asserts that the reason he proposed the amounts of $130,000 and then $135,000 was that the defendants had informed him that this was the amount for which they qualified at the bank. The defendants claim that these letters memorialized an agreement between the parties regarding the price to build the home. Notably, Defendants' Exhibits E and F are addressed to the defendants and not to a banking institution.
The plaintiff contends that there was no agreement as to the price of building the home. He avers that the parties agreed that the plaintiff would build the home for the defendants, at cost, and that the defendants would pay for the materials and labor upon the completion of the job. Essentially, it is the plaintiff's position that the purchase price would be the cost to build the house. The plaintiff agreed to front the costs of the construction.
The plaintiff testified that he did, initially, provide the defendants with a rough estimate of the costs. This written estimate was for $140,000 to $145,000. During the course of construction, the plaintiff did not provide the defendants with any further information regarding construction costs. Nor did the parties, at any time, discuss the specifics of financing the building the home. The plaintiff attributes this silence to the CT Page 4157 fact that he believed he had reached an understanding with the defendants that he would charge the cost of materials and labor. The defendants attribute this silence to the fact that they believed that the house would cost $135,000.
There is no dispute that the defendants paid the plaintiff $119,733.92. There is also no dispute that the defendants owe the plaintiff at least $13,130.66. The defendants tendered this amount to the plaintiff, who refused to accept it. That amount is currently being held in escrow pending the outcome of this litigation.
The plaintiff testified that the total cost of building the house, including materials and labor, was $163,547.03. Therefore, the plaintiff claims that the defendants owe him $43,571.11. The plaintiff maintains that this price is far less than the value of the property, which is, according to his uncontradicted testimony, $185,000;
II LEGAL DISCUSSION A. Prejudgment Remedy
Upon an application for a prejudgment remedy, Connecticut General Statutes § 52-278d (a) requires that the court determine whether there is probable cause that judgment will be rendered for the plaintiff in the amount equal to or greater than the amount of the prejudgment remedy, taking into account all defenses, counterclaims or set-offs. Probable cause must exist as to both the merits and damages. It is not necessary to prove the case by a preponderance of the evidence at the probable cause hearing.
"The concept of probable cause involves a bonafide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. NewEngland Land Company, Ltd. v. DeMarkey, 213 Conn. 612, 620,569 A.2d 1098 (1990); Wall v. Toomey, 52 Conn. 35, 36 (1884)." (Footnote omitted). Kusek v. Wein, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV95 0144787 S (Jun. 5, 1995, D'Andrea, J., 1995 Ct. Sup. 6755, 6758)
B. Breach of Contract: Oral Agreements CT Page 4158
The plaintiff's first claim is for breach of contract. Despite the fact that breach of contract is alleged by both parties, neither party devoted substantive space in the Post-Hearing briefs to addressing these legal claims.
This court finds that the plaintiff has not met his burden of proving a likelihood of success on this allegation. The plaintiff's claim that there was a meeting of the minds, with regards to the terms he claims governed the agreement, is contradicted by the evidence. The plaintiff would have this court believe that the parties agreed that the purchase price was the cost of construction plus labor. However, after this supposed agreement was reached the plaintiff drafted a letter proposing to construct the house for $135,000. In essence, the plaintiff wants this court to disregard the written language expressing a clear proposal: "We propose to provide labor and materials to build house and garage at 610 Prospect St., Plantsville, Ct."Defendants' Exhibit F. Rather, he urges that this court find that there was no price for the completion of the house, and that this was the oral agreement of the parties. Given, the evidence presented by the defendants this court does not believe that a reasonable person, viewing the evidence, would find the facts essential to support the plaintiff's claim believable.
Even if this court were to disregard Defendants' Exhibit F, it would still find that the plaintiff failed to establish probable cause regarding the existence of a contract between the parties containing the terms he has alleged. The plaintiff testified that the parties agreed on an "at cost project". The defendants maintain that the project was to be completed for a fixed price. It is impossible, based on the record to reconcile these two versions. At best, ignoring the existence of Exhibit F presents a record replete with completely contradictory and inconsistent testimony regarding the creation of an agreement. At worst, Exhibit F is evidence of the existence of a contract, the terms of which contradict the plaintiff's assertion.
C. Quantum Meruit
Having decided that the plaintiff has not met his burden regarding the breach of oral agreement claim, the court next addresses his allegation that he is entitled to equitable relief applying the doctrine of quantum meruit.
The plaintiff, in his brief contends that the evidence CT Page 4159 supports both the breach of contract and the quantum meruit claim, without specifically addressing the later. The defendants argue against the application of the equitable remedy of unjust enrichment (which is not alleged by the plaintiff).
While "[b]oth unjust enrichment and quantum meruit are doctrines that allow recovery on the theory of restitution . . . [q]uantum [m]eruit is the remedy available to a party when the trier of fact determines that an implied contract for services existed between the parties and that, therefore, the plaintiff is entitled to the reasonable value of services rendered. . . . Such contracts are determined from evidence of the parties conduct which implies a promise to pay for the services rendered. . . . [T]he defendant, by knowingly accepting the services of the plaintiff and representing to her that she would be compensated in the future impliedly promised to pay her for the services she rendered." (Citations omitted) Burnsv. Koellmer, 11 Conn. App. 375, 383-384, 527 A.2d 1210 (1987).
The doctrine of quantum meruit is only available in the absence of an express contract. "A true implied [in fact] contract can only exist where there is no express one. It is one which is inferred from the conduct of the parties though not expressed in words. Such a contract arises where a plaintiff, without being requested to do so, renders services under circumstances indicating that he expects to be paid therefor, and the defendant, knowing such circumstances, avails himself of the benefit of those services. In such a case, the law implies from the circumstances, a promise by the defendant to pay the plaintiff what those services are reasonably worth. Collins v.Lewis, 111 Conn. 299, 304, 149 A. 668 (1930); Gustave Fischer Co.v. Morrison, 137 Conn. 399, 403, 78 A.2d 242 (195 1); AutomobileIns. Co. v. Model Family Laundries, Inc., 133 Conn. 433, 439,52 A.2d 137 (1947). Freda v. Smith, 142 Conn. 126, 134, 111 A.2d 679
(1955)". Bershtein, Bershtein Bershtein v. Nemeth,221 Conn. 236, 241, 603 A.2d 389 (1992). Therefore, the doctrine would only apply in this case if the finder of fact concludes that there is no express contract.
1. Existence of Express Contract
The defendants identify, the letter written by the plaintiff to the defendants, proposing to build the defendants' home for $135,000, as an express contract. The plaintiff firmly maintains CT Page 4160 that the letter was merely a representation (or misrepresentation) that he provided to the defendants in order to aid them in securing a mortgage. Although the plaintiff contested the claim that he intended the letter to constitute an offer, a fair interpretation of the evidence is that this is what the letter was. The specific language of the letter is the following.
 "We propose to provide labor and materials to build house and garage at 610 Prospect St., Plantsville, Ct. for Kim Davis and Ron Jones as per plans and specifications for the sum of $130,000.000
 Additional $5,000.00 due to moving present location of house which requires longer electrical service, trenches, water trenches, etc.
Total estimate: $135,000.00"
The plaintiff argues that the letter cannot be construed as a contract because it does not contain the elements normally found in a contract: i.e. "completion date, extras/allowances provisions, list of specifications, initialed blueprints, escrow for incompletions, and the like." Plaintiff's Memorandum inSupport of Prejudgment Remedy Application, January 15, 1999, at p. 4. It is true that contracts for the construction of a home, generally contain much more detailed information than is provided in the letter authored by the plaintiff. See e.g., Oakwood Assoc.of Conn. v. Vanvoorhies et. al., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. CV 95 0470280S, (January 23, 1998, Kremski, J.) (For purposes of a prejudgment remedy application court found the existence of a contract evidenced by a pre-printed form signed by the parties, with specification sheets, plans for the house, itemization of the work to be performed, a payment schedule and the requirement that all changed be made in writing). The plaintiff, however, has provided this court with no legal authority for the proposition that these terms are necessary. Even assuming that these terms are necessary to create a valid contract, plaintiff's argument does not address the issue of whether the letter constitutes a valid offer.
Ultimately, this court need not decide the issue of whether or not the letter constitutes a valid offer or a valid contract. The burden is on the plaintiff to establish that there is probable cause to believe that he will prevail upon his quantum CT Page 4161 meruit claim. It is impossible for this court to make that finding given the highly contested and contradictory evidence regarding whether or not there was an express contract between the parties requiring plaintiff to build the house for $135,000. The plaintiff has failed to establish one of the prerequisites to applying the equitable doctrine of quantum meruit; that an express contract, with the fixed price term, did not exist. Therefore, the plaintiff is not entitled to a prejudgment remedy for this claim.
III. CONCLUSION
Having found, based upon hearing the testimony presented by the parties, examining the evidence and applying the applicable law, that the plaintiff has failed to establish the absence of an express contract, the terms of which required that the plaintiff build the defendants home for $135,000, this court denies the plaintiff's application for prejudgment remedy.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT