[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE #106
The plaintiff Miller is a Connecticut attorney formerly employed by the defendant O.S. Shipping Trading Corporation ("OSST") as an attorney and business executive. The defendant Total Transportation, Inc. ("TTI") is affiliated with the defendant OSST. The defendants Ole Skaarup ("Skaarup") and Frank R. Parker III ("Parker") are shareholders and directors of OSST and TTI.
The plaintiff was employed by OSST from November 3, 1982 through February 29, 2000, being the effective date of his involuntary CT Page 15081 termination. He filed the complaint commencing this action on February 21, 2001. On June 27, 2001, he filed a revised complaint in eighteen counts. The defendants, pursuant to Practice Book § 10-30 et seq., have moved to strike counts three (implied breach of contract — TTI), four (breach of implied contract — OSST, Skaarup and Parker), five (promissory estoppel), nine (unjust enrichment), eleven (breach of implied employment contract — OSST), twelve (promissory estoppel — OSST), thirteen (wrongful termination/retaliation — OSST, Skaarup, Parker), fifteen (tortious interference with contractual relationship and/or tortious interference with business expectancy — Skaarup and Parker), sixteen (civil conspiracy — Skaarup and Parker), seventeen (CUTPA) and eighteen (wage statute claim — OSST). The individual defendants Ole Skaarup and Frank R. Parker III also have moved to strike count two (breach of contract — OSST, Skaarup and Parker).
The defendants contend that counts two and four of the revised complaint must be stricken as to Skaarup and Parker because the plaintiff fails to plead facts sufficient to state a claim against these two defendants. They further assert that counts three, four and eleven, alleging breach of implied contract, and count nine, alleging unjust enrichment, as well as counts five and twelve, alleging promissory estoppel, fail to state a claim because each of the causes of action asserted in those six counts can exist only in the absence of an express agreement. According to the defendants, those six counts incorporate by reference paragraphs asserting the existence of express contractual agreements between the plaintiff and the defendants.
The defendants also have moved to strike count thirteen, alleging wrongful termination, because it incorporates by reference the plaintiff's allegations that he was not an at-will employee. A cause of action for wrongful termination is available only to at-will employees. The defendants assert that count fifteen (tortious interference) should be stricken because the plaintiff fails to plead that the alleged tortious conduct was committed by a third party outside of the contractual or business relationship. They have moved to strike count sixteen (civil conspiracy) as barred by the intracorporate conspiracy doctrine. They contend that count seventeen, alleging a violation of the Connecticut Unfair Trade Practices Act, must be stricken because CUTPA does not apply to the employer-employee relationship. Finally, they have moved to strike count eighteen, alleging non-payment of wages in violation of General Statutes § 31-71a et seq., on the basis that the plaintiff's alleged entitlement to a bonus and equity interest do not constitute "wages" for purposes of the wage statute.
The plaintiff has opposed the motion to strike. CT Page 15082
The revised complaint alleges the following facts which are pertinent to the court's consideration of this motion. First, as an inducement for him to assume employment with OSST and to continue in such employment, promises were made to the plaintiff that he would be provided an equity interest in the Skaarup companies. He never actually received the equity interest, in violation of those promises. The plaintiff believes that he was terminated in retaliation for confronting the defendants about the Skaarup debt problem and potential criminal violations concerning a certain shipping transaction. The complaint further asserts that in addition to refusing him the equity interest he was promised, the defendants also improperly refused to pay his annual bonus for 1999.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . ." (Citation omitted; internal quotation marks omitted.) Peter-Michael, Inc v. Sea Shell Associates,244 Conn. 269, 270 (1998). "A motion to strike admits all facts well pleaded." Parsons v. United Technology Corp., 243 Conn. 66, 68 (1997). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348 (1990). "[A motion to strike] does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CVS, Inc., 196 Conn. 91, 108 (1985). "The court must construe the facts in the complaint most favorable to the plaintiff." Faulkner v. United Technologies, Corp., 240 Conn. 576, 580
(1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . ." (Citation omitted; internal quotation marks omitted.) Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted.) NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 215 (1992.)
The individual defendants Skaarup and Parker are charged in count two with breach of an express contract and in count four with breach of an implied contract. The contract relied upon by the plaintiff is that he would receive an equity interest in TTI in return for his professional services rendered to OSST and TTI. There are no allegations that OSST and TTI were not bona fide separate legal entities. Connecticut courts will disregard the corporate entity only where there is "such domination of finances, policies and practices that the controlled corporation has, so to speak, no separate mind, will, or existence of its own, and is but a business conduit for its principal." Zaist v. Olsen, 154 Conn. 563, 574
(1967). "The concept of piercing the corporate veil is equitable in CT Page 15083 nature and courts should pierce the corporate veil only under exceptional circumstances." Davenport v. Quinn, 53 Conn. App. 282, 301 (1999).
The complaint contains no allegations which under either the instrumentality test or the identity test[1] would allow the court to disregard the corporate form of conduct in the employment relationship between the plaintiff and OSST. The alleged employment contract was between the plaintiff and the corporation OSST. The consideration that the corporation would have expected to receive would be the benefit of the plaintiff's services. The only benefit that the individual defendants would have expected to receive would be in their capacity as corporate officers and shareholders. That is insufficient consideration alleged to support a contractual claim based on either an express or implied contract. Counts two and four are stricken as to the individual defendants Skaarup and Parker.
The counts of the complaint asserting breaches of implied contract (counts three, four[2] and eleven), promissory estoppel (counts five and twelve), and unjust enrichment (count nine) contain allegations of an existing express agreement (revised complaint paragraphs 15, 19, 21, 35, 36, 39 and 40). The agreement relates to the transfer to the plaintiff of an equity interest in TTI. An implied contract, however, can only exist where there is no express contract. Freda v. Smith, 142 Conn. 126, 134
(1955); Gustave Fischer Co. v. Morrison, 137 Conn. 399, 403 (1951);Collins v. Lewis, 111 Conn. 299, 304 (1930).
The plaintiff correctly points out that pursuant to Practice Book § 10-25 and Dreier v. Upjohn Co., 196 Conn. 242, 245 (1985), he may plead in the alternative, claiming alternative relief based upon alternative construction of the causes of action. However, such alternative pleading must be set forth in separate counts. See Practice Book § 10-26. Counts three, four and eleven contain assertions of the existence of an express contract as well as an implied contract. The motion to strike is granted as to these three counts.
The plaintiff's claim for unjust enrichment asserted in count nine also contains express agreement allegations. A claim for unjust enrichment is not available where there is an enforceable express contract between the parties. Rosick v. Equipment Maintenance Service, Inc., 33 Conn. App. 25,37 (1993); HB Toms Tree Surgery, Inc. v. Fanning, 187 Conn. 343, 347
(1982). The motion to strike count nine is granted.
Counts five and twelve, which assert the promissory estoppel claims, also contain express contract allegations. A claim for promissory estoppel cannot exist where an express contract is pleaded in the same count. See Reynolds v. Miglietta, Superior Court, judicial district of CT Page 15084 Hartford-New Britain at Hartford, Docket No. 801247 (March 27, 2001,Berger, J.); Moukarzel v. Oxygen Electronics, LLC, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 359965 (August 12, 1999, Melville, J.); Johnson v. Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321129 (June 3, 1999,Nadeau, J.); Lark v. Post Newsweek Stations Connecticut, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 705326 (August 9, 1995, Wagner, J.). The motion to strike counts five and twelve is granted.
An analogous problem exists with respect to the plaintiff's wrongful termination claim asserted in count thirteen. "The right to recover in tort for wrongful discharge extends only to employees at will." Tomlinsonv. Board of Education, 226 Conn. 704, 730 n. 18 (1993); D'Ulisse-Cupo v.Board of Directors, 202 Conn. 206, 211 (1987). In count thirteen, in addition to the wrongful, termination claim, the plaintiff also claims that he was not an at-will employee, in that he had an express contract providing that his employment could not be terminated except for cause (paragraphs 12, 13, 78-82, 83-86). The motion to strike count thirteen of the revised complaint is granted.
The defendants seek to strike count fifteen of the revised complaint, which alleges that the defendants Skaarup and Parker interfered tortiously with a contractual relationship between the plaintiff and OSST. The defendants cite authority that interference with contractual relations requires commission of the alleged tortious conduct by a third party outside of the contractual relationship. Finman Son, Inc. v.Connecticut Truck Trailer Service Co., 169 Conn. 407, 415 (1975). "An agent acting legitimately within the scope of his authority cannot be held liable for interfering with or inducing his principal to breach a contract between his principal and a third party, because to hold him liable would be, in effect, to hold the corporation liable in tort for breaching its own contract. . . ." (Citation omitted.) Murray v.Bridgeport Hospital, 40 Conn. Sup. 56, 60-61 (1984).
The law, however, is not as clear if it is alleged that the agent, in the course of interfering, was not acting legitimately, or used his corporate power for personal gain. Id.; Connecticut Financial Network v.Savings Inst., Superior Court, judicial district of Hartford-New Britain, Docket No. 548013 (August 7, 1996, Blue, J.). The plaintiff alleges that the individual defendants Skaarup and Parker acted for personal gain to divert corporate benefits away from the plaintiff for their own benefit. (Revised complaint paragraphs 10, 12 through 33). Paragraphs 28 through 31 contain allegations that the individual defendants acted to conceal a business transaction that resulted in Skaarup being forgiven a personal debt obligation, which obligation was CT Page 15085 booked as a debt to the corporations OSST and TTI. These allegations are sufficient to overcome the motion to strike count fifteen, which motion is denied.
The plaintiff seeks to strike the civil conspiracy count (count sixteen) on the basis of the intracorporate conspiracy doctrine. The doctrine provides that "[e]mployees of a corporation acting in the scope of their employment cannot conspire with one another or with the corporation that employs them; each acts for the corporation and the corporation cannot conspire with itself." Day v. General Electric CreditCorp., 15 Conn. App. 677, 684 (1988), cert. denied, 209 Conn. 819
(1988).
An exception to the intracorporate conspiracy doctrine exists where there is an allegation that an agent of the corporation has an independent personal stake in achieving the corporation's illegal objective. Johnson v. Bridgeport, supra, Superior Court, Docket No. 321129. That is the case under these allegations, where there is a claim that one of the individual defendants transferred a personal debt to the corporations. The motion to strike count sixteen is denied.
The defendants have moved to strike count seventeen brought under the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. (CUTPA), on the basis of the underlying employer-employee relationship. CUTPA prohibits persons from engaging in unfair methods of competition and unfair deceptive acts or practices in the conduct of any trade or commerce. The Connecticut Appellate Court has determined inQuimby v. Kimberly Clark Corp., 28 Conn. App. 660, 670 (1992), that the employment relationship is not by itself a sufficient allegation of "trade or commerce" for purposes of asserting a CUTPA claim. Unquestionably, the plaintiff's claims arise out of his employment relationship with the defendants. The motion to strike the plaintiff's CUTPA claim as alleged in count seventeen is granted.
The defendants also have moved to strike the plaintiff's eighteenth count brought as a wage statute claim pursuant to General Statutes §31-71. Count eighteen alleges entitlement to wages in the form of an unpaid bonus and equity interest. Section 31-71a (3) provides in pertinent part: "`Wages' means compensation for labor or services rendered by an employee, whether the amount is determined on time, task, piece, commission or other basis of calculation. . . ." The plaintiff sufficiently alleges a claim for wages in the form of an annual bonus and equity interest that were due him for his services, in combination with other allegations that he was paid a "below market salary" for his professional services. The revised complaint further asserts that the bonus and equity stake were directly tied to the plaintiff's performance CT Page 15086 of such services for the corporations. (Revised complaint paragraphs 13, 16 and 19). The motion to strike count 18 is denied.
 Conclusion
For the reasons aforesaid, the motion to strike count two as to the defendants Skaarup and Parker is granted. The motion to strike also is granted as to counts three, four, five, nine, eleven, twelve, thirteen and seventeen. The motion to strike is denied as to counts fifteen, sixteen and eighteen.
ROBERT F. McWEENY, J.