[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is a payment dispute over the amount owed to the plaintiff, Ed Steben Glass Co., Inc., by the defendant, United States Auto Association Casualty Insurance Company ("USAA") for auto glass replacement services conducted by the plaintiff for insurance customers of the defendant.[1]
The plaintiff is in the business of auto glass repair and replacement services for individual customers. Insured customers provide payment to plaintiff by assigning the amount they are owed under their insurance policies. The plaintiff then submits individual claims to the customer's insurance company for payment under the policy.
In April 2001, and June 2001, USAA sent two letters to the plaintiff addressing changes in pricing standards. After receiving these letters, plaintiff continued to perform services for insurance customers of USAA and bill USAA according to the plaintiff's pricing structure. USAA paid the plaintiff according to the price schedule quoted in the letters, which was less than the amount plaintiff billed the defendant. The plaintiff then sued USAA for the difference between the amount received by the plaintiff and the amount the plaintiff billed the defendant.
The plaintiff claims that the provisions of the defendant USAA's standard automobile policy require USAA to cover its charge of a "reasonable amount" as determined by the local market. See Glass ServiceCo. v. Progressive Ins. Co., 603 N.W.2d 849 (Minn.App. 2000). USAA has answered and claims that the language of the policies in question allow it to determine what amount is to be paid.
USAA then moved for summary judgment on December 13, 2002 on the theory that the plaintiff had agreed to USAA's prices through its actions after June 2001. USAA argues that an implied contract existed between itself and the plaintiff, which established the rates USAA was willing to pay plaintiff for the replacement of auto glass. USAA claims that the updated CT Page 1697 price schedule was an offer of the prices it was willing to pay to the plaintiff and that the plaintiff through its conduct accepted the amount set forth in the rate schedule. USAA argues that the plaintiff was not obligated to accept work from USAA insured and that in doing so the plaintiff assented to the offer. In response, the plaintiff argues that an implied contract did not exist since the plaintiff never agreed to the pricing schedule.
The plaintiff claims that by continuing to bill USAA according to the plaintiff's rates, plaintiff did not assent to the pricing schedule contained in the letters from USAA. Plaintiff further argues that USAA failed to establish mutual assent and also failed to prove that there were any words, actions or conduct that demonstrate that the plaintiff accepted the USAA's updated pricing schedule. The plaintiff also argues that USAA's motion for summary judgment should be denied because genuine issues of material fact exist regarding whether the plaintiff's conduct would lead a reasonable person to conclude that it accepted any offer from USAA.
According to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v. RoyalPark Limited Partnership, 243 Conn. 552, 554-55.
USAA's motion for summary judgment is based on the argument that an implied contract exists between itself and the plaintiff. "An implied contract is an agreement between the parties which is not expressed in words but which is inferred from the acts and the conduct of the parties." Corriveau v. Jenkins Bros., 144 Conn. 383, 387 (1967). The plaintiff argues that no implied contract exists since the plaintiff did not assent to the price schedule listed in the letters sent by USAA. "The test is whether the conduct and acts of the parties show an agreement." CT Page 1698Skelly v. Bristol Savings Bank, 63 Conn. 83, 87 (1893). Brighenti v.Britain Shirt Corp., 167 Conn. 404, 406 (1978). "Whether the parties have entered into such an agreement is a question of fact." Corriveau v.Jenkins Bros., 144 Conn. at 387; Christensen v. Bic Corp.,18 Conn. App. 451, 454 (1989).
The record before the Court on USAA's motion is devoid of any indication of the acceptance by the plaintiff in the past of USAA's price schedule. It would be crucial for finding an implied contract to have proof of past practice in the industry, and the plaintiff's participation in this practice. See Gustave Fischer Co. v. Morrison, 137 Conn. 399, 403
(1951); Simpson Properties, Inc. v. Dexco, Inc., 916 P.2d 853 (Okla.App. 1996) (custom of industry determining implied contract).
In viewing the evidence in the light most favorable to the nonmoving party, there are genuine issues of fact outstanding, and this court is unable to determine, as a matter of law, that an implied contract existed between the USAA and the plaintiff based on the plaintiff's conduct. Therefore, USAA's motion for summary judgment is denied.[2]
Since genuine issues of fact exist regarding whether an implied contract was established, USAA's motion for summary judgment is denied.
Henry S. Cohn, J.